· [S. F. No. 1462.    Department Two.—January 14, 1901.]

## SAVINGS AND LOAN SOCIETY, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

TAXATION—VERIFIED LIST—ADDITION BY ASSESSOR—CASE AFFIRMED.— Notwithstanding a taxpayer has returned to the assessor a verified list of his property, the assessor may, without requesting a corrected statement or requiring the taxpayer to appear and testify in regard to the statement returned, assess, in addition to the property returned, other taxable property belonging to the same owner. *People v. National Bank of D. O. Mills & Co.,* 123 Cal. 53, affirmed.

ID.—ADDITIONAL ASSESSMENT NOT ARBITRARY—GENERAL POWERS AND DUTIES OF ASSESSOR.—An additional assessment of property not in-

cluded in a list furnished by the taxpayer is not the arbitrary assessment authorized by section 3637 of the Political Code, but is made under the general powers given to the assessor and imposed upon him by law to make diligent inquiry to ascertain all property in the county subject to assessment, and to assess the same.

Id.—Assessment to Savings Bank—"Loans on Stocks and Bonds"—Certainty.—The description of property additionally assessed by the assessor to a savings bank as "loans on stocks and bonds," is sufficiently certain to enable the savings bank to know for what property they are taxed, and sufficiently imports money loaned by the bank on the security of stocks and bonds, which is properly taxed to the bank as the lender.

Id.—Interest in Property Secured—Exemption.—Whether the loan secured by the stocks and bonds is or is not an interest in the "property affected thereby" for the purposes of taxation, within the meaning of section 4 of article XIII of the constitution, conceding that the stocks and bonds may be exempt from taxation, the debt secured thereby for money loaned is not exempt, but may be taxed to the lender.

Id.—Increase by State Board—Ascertainment of Items Increased—Computation—Support of Finding.—In determining what items of personal property assessed were increased as to the amount of the assessment thereupon by the state, the testimony of a witness can contribute nothing to the meaning of the roll; but where the court found that the items increased did not include the money and solvent credits, and the computation of the increase corresponds within a few cents to the percentage of increase on the remaining items and there is no other possible way of computing the amount of the increase, the finding is sustained.

Id.—Recovery of Taxes Paid Under Protest—Interest.—In an action against the city and county of San Francisco to recover taxes paid under protest, brought pursuant to section 3819 of the Political Code, enacted in 1895, which contains no provision for the payment of interest, no interest can be allowed.

Id.—State not Bound by General Statute.—The state is not bound by the general words of a statute which would operate to establish a right of action against it; and the code sections in relation to the allowance of interest between the parties to an action do not include the state or any of its political subdivisions.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion.

A. N. Drown, for Appellant.

James L. Gallagher, F. K. Lane, City and County Attorney, and W. I. Brobeck, for Respondent.

CHIPMAN, C.—Action to recover certain taxes which were paid under protest. In response to a demand made by the assessor of the city and county of San Francisco, plaintiff, between the first Monday of March and the first Monday of July, 1896, returned a verified statement purporting to contain a complete list of all its property, subject to taxation for that fiscal year. Without requesting a corrected statement requiring plaintiff to appear and testify in regard to the statement returned, the assessor, of his own motion, made an assessment upon the property described in the statement as well as other property omitted therefrom. The added property was found by the court to have belonged to plaintiff on the first Monday of March of the year named, and this finding is not disputed. It appears also that on June 25th plaintiff received notice in writing from the assessor of the property assessed, including the added items and giving their valuations. Plaintiff did not appear before the county board of equalization, or request any reduction of the assessment or any alteration, or that the added property be omitted therefrom. In September the state board of equalization ordered the entire assessment-roll of defendant to be raised twenty per cent, except certain property, and the auditor thereupon raised plaintiff's assessment accordingly, as will hereinafter appear. The trial court gave judgment for plaintiff for the taxes assessed upon "state and mining bonds" (of which it appeared plaintiff owned none), and the amount of the tax assessed upon the twenty per cent increase of the face value of the "county and school district bonds." Plaintiff's suit was for the entire tax paid excepting only the amount thereof which was assessed upon the property listed to the assessor by plaintiff. The appeal is from the judgment on bill of exceptions.

1. Plaintiff contends that "until he shall have subpoenaed and examined the taxpayer who has furnished to him a sworn statement, the assessor can do nothing but accept the statement as true, and act upon it as a full and correct list of the taxable property of the one by whom or on whose behalf it has been made and returned." Plaintiff devotes the greater

part of its opening brief to a discussion of this proposition, and the learned counsel for plaintiff has also furnished us with an elaborate discussion of the question in review of the decision rendered here, since the original briefs were filed, in *People v. National Bank of D. O. Mills & Co.,* 123 Cal. 53.[1] The court is asked to re-examine the question there decided adversely to plaintiff's present contention: 1. Because its determination "was not essential to the disposition of that case"; and 2. Because "the chief constitutional and statutory province of the statement [made by the taxpayer] has been overlooked." So far as we can see from the argument now made the question was substantially the same in that case as in this, and the opinion then given shows that the proposition had careful attention, and we are not disposed to recede from the position there taken.

We do not regard the assessment complained of as the arbitrary assessment which the assessor is authorized to make under section 3633 of the Political Code. It was an assessment under the general powers given the assessor and the duties imposed upon him by law (Pol. Code, secs. 3628 et seq., 3861), which latter requires him to take an oath that he has made diligent inquiry and examination to ascertain all the property within the county subject to assessment, and that the same has been assessed on the assessment-books. We are entirely satisfied with the reasoning in the case above cited, upon the authority of which we must hold against plaintiff's contention.

2. The assessment contained the following items of personal property:

| | |
|---|---:|
| Furniture | $5,000 |
| Franchise | 5,000 |
| Money | 40,300 |
| Money on deposit in Bank of California | 86,286 |
| Loans on stocks and bonds | 861,358 |
| State and mining bonds | 173,450 |
| County and school district bonds | 349,327 |
| Total | $1,520,721 |

[1] 69 Am. St. Rep. 32, and note.

Of these items the statement furnished by plaintiff contained only, the first four; the remaining three were added by the assessor; the assessment as to the others being the same as returned in the statement of plaintiff.

It is now contended that the assessment as to the item "Loans on stocks and bonds" was void for uncertainty, and because upon untaxable property. The rule as to the degree of certainty required in describing personalty in assessments for taxation is this, that the property shall be so described that taxpayers may know for what they are to be taxed. (*San Francisco v. Flood,* 64 Cal. 504.) Appellant makes a very ingenious argument—more ingenious than forcible—to show that the term "loans on stocks and bonds," according to Webster's definition of the word "loan," is without legal or actual significance, and "as written is not only not taxable property, but no property whatsoever." A "loan," it is shown by appellant, is: 1. A lending; 2. That which is lent; 3. A permission to use; that *ex vi termini* a loan imports that the thing loaned has passed out of the possession and control of the lender into that of the borrower; that neither the "act of lending" nor the "permission. to use" can be property; that the only thing that would be loaned on stocks and bonds would be money, and the fact that money has been lent would involve the fact that the money loaned—the loan—was not in the lender's possession and could not be taxed to him; that if the money can be found it is to be assessed and taxed to the person who owns it, and cannot be assessed to two distinct persons. Subdivision 4, section 3650, of the Political Code provides that the assessor must list "all personal property, showing the number, kind, amount, and quantity; but a failure to enumerate in detail such personal property does not invaeidate the assessment." The statute indicates that the classes of personal property should be set down separately, while a statement of every article need not be. (*People v. McCreery,* 34 Cal. 432.) In that case an assessment, reading "money" valuation "$5,000"; "money loaned" valuation "$125,000," was held to sufficiently describe the property. The "money loaned" was assessed to the lender, which seems to meet appellant's suggestion that such a thing is impossible. If the term "loans" means money loaned, we

need look no further for authority in holding the designation or classification in the present case to be sufficient. Appellant's corporate name implies that appellant is engaged in the business of receiving money as "savings," and lending out or making "loans" of these deposited "savings" in the interest of depositors. These loans, it must be presumed, are evidenced by some sort of obligations of the borrowers, executed in connection with the hypothecation of the "stocks and bonds" as security for the loans, and these evidences of indebtedness of the borrower to plaintiff necessarily become solvent credits, or choses in action—promissory notes or contracts of pledge— and were taxable, unless for some reason they are made nontaxable by the law or the constitution, as appellant urges they are. Upon the point now under discussion we think plaintiff could not have been misled by, or mistaken as to, the meaning of the terms used in classifying the personal property in question. In commercial and banking usage the meaning of the expression "loans on stocks and bonds" is as well understood as the expression "money in bank." If a proposed borrower should approach plaintiff's counter and ask the cashier if the society "made loans on stocks and bonds," the cashier would at once understand what was meant.

3. But conceding the terms used to be sufficiently definite, appellant contends that it being admitted that all these shares of stock in corporations formed under the laws of this state are not subject to assessment or taxation, these notes or other evidences of indebtedness constitute "the contract or other obligation by which the credit (the lender's counterpart of the borrower's debt) is secured," within the meaning of article XIII, section 4, of the constitution; that as such they were, "for the purposes of assessment and taxation, to be deemed and treated as an interest in the property affected thereby"; that as the whole includes all its parts, and as the whole of the property affected by these notes and contracts of pledge was not taxable, it must follow that every part of that property and every interest in it was likewise not subject to taxation. The claim seems to be that the term "property," used in the section of the constitution referred to, includes both real and personal property, and that as plaintiff acquired an interest in the stocks

by the loan, such interest can no more be taxed than can the property itself so held as security. We do not think it necessary to decide whether the term "property" as used in the constitution includes personal property. Section 1 of article XIII includes "credits" within the meaning of the word "property," and provides that all property (except certain enumerated kinds) "shall be taxed in proportion to its value," etc. In the case of the mortgage of land the mortgage debt is taxed to the holder, and so would the debt be taxed to the holder if the security be some form of personal property not exempt. We cannot see any reason for holding that because the security happens to be of some kind of property exempt by law that the debt secured thereby should also be exempt.

4. It is claimed that the money and solvent credits were illegally assessed, because raised above their face value by the state board of equalization. The court found that the increase was only upon the three items—furniture, franchise, and county and school district bonds.

Appellant excepted to this finding as not supported by the evidence, and claims that it appears from the assessment-book that the increase of valuation made by the auditor pursuant to the order of said board was upon all the personal property assessed to plaintiff. The assessment-book showed the items and valuation as heretofore stated, amounting in the aggregate to $1,520,721. If the twenty per cent increase had applied to all the personal property, it would have amounted to $304,724, whereas the actual increase was $71,865, or exactly twenty per cent of the three items mentioned by the court, lacking forty cents. An attempt was made by defendant to show by the witness Herzer, chief deputy in the assessor's office, what items were raised, to which plaintiff objected on the ground that the roll speaks for itself, and cannot be interpreted by the opinion of witnesses. The trial court took the view that if the items raised could be arrived at by mathematical calculation, the roll must be held to be sufficiently definite, although it fails to designate each item which the auditor took into account to reach his aggregate. The witness' testimony contributed nothing to the meaning of the roll. As to the county and school district bonds, the trial court gave plaintiff judgment for the tax in-

crease thereon which it had paid, and plaintiff was only required to pay the twenty per cent increase on the value of the furniture and the franchise.  We see no reason for holding the assessment void on the ground alleged.  If the increase of the roll could be ascertained by including any one or all the other items, or by including one or more of them, and including or excluding one or more of the items found by the court to be the ones raised, there might be some ground for holding with appellant on the ground of uncertainty as to what property was burdened with the increase.  But as there is no possible way to reach the amount of the increase except by computing the twenty per centum on these three items, and as by so doing the result is readily ascertained, we conclude that the court was warranted in finding the fact as it did.

5. It is claimed that the court erred in not allowing interest from date of payment of the tax under protest.  (Citing Civ. Code, secs. 1915, 1917; Perley on the Law of Interest, 135.)

The code sections cited relate to interest as compensation or damage between parties to an action, and the language of the statute is general and does not include the state or any of its political subdivisions.  The state is not bound by general words of a statute which would operate to establish a right of action against it.  (*Mayrhofer v. Board of Education*, 89 Cal. 110[2]; *Whittaker v. County of Tuolumne*, 96 Cal. 100.)  The action here is brought under a new section of the Political Code—3819—in which no provision is made for the payment of interest.  (Stats. 1895, p. 335.)

The view we have taken of the questions presented by appellant makes it unnecessary to particularly notice the alleged errors of law at the trial.

The judgment should be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.

---

[2] 23 Am. St. Rep. 451.