[L. A. No. 1210.   Department One.—October 11, 1902.]

## COLUMBIA SAVINGS BANK, Respondent, v. COUNTY OF LOS ANGELES, Appellant.

TAXATION—INVESTMENT IN UNITED STATES BONDS—PAYMENT OF ILLEGAL TAXES—PROTEST—RECOVERY BACK.—Where it appears that United States bonds were purchased by a taxpayer as an investment, and not for the purpose of evading taxation, a tax upon the money invested therein is illegal, and if paid under protest, may be recovered back, under section 3819 of the Political Code.

ID.—ACTION OF BOARD OF EQUALIZATION NOT CONCLUSIVE.—The action of the board of equalization in refusing to grant the petition of the taxpayer to strike out the assessment made by the assessor of moneys invested in United States bonds is not final or conclusive against the taxpayer, in an action brought by him to recover back taxes paid thereon under protest.

ID.—INTEREST ON JUDGMENT.—Where no interest was allowed prior to judgment, the judgment for the recovery of the illegal taxes paid under protest was properly made to bear legal interest from its date.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney-General, James C. Rives, District Attorney, and Curtis D. Wilbur, Chief Deputy, for Appellant.

Frank W. Burnett, for Respondent.

HAYNES, C.—Action to recover from defendant certain taxes paid under protest, pursuant to the provisions of section 3819 of the Political Code. The plaintiff had judgment, and the defendant appeals upon the judgment-roll, which contains a bill of exceptions setting out the evidence..

About the middle of February, 1899, plaintiff bought United States interest-bearing bonds of the value of $59,206, and afterwards, about April 21, 1899, sold the same at a profit. In due time the plaintiff made and returned to the assessor what purported to be a statement of all the taxable property owned by it on the first Monday of March, 1899, and which included the sum of $9,374 of "solvent credits." In June,

1899, the city assessor called upon the officers of the bank and was informed of the purchase and sale of said United States bonds, and claiming, as the result of his investigation, that the bonds were purchased for the purpose of evading taxation of the solvent credits used in their purchase, added to the solvent credits returned in its assessment list $59,210, that being the amount used in the purchase of said bonds, thus making the total of the solvent credits $68,850, upon which sum the bank paid the taxes assessed, but as to the tax upon the added sum of $59,210, amounting to $828.90, the payment was made under protest, and this action was brought to recover back said last-named sum.

Appellant's first point is thus stated: "The fundamental question as to whether a purchase of government bonds, *made with intent to evade taxation,* can be ignored and the moneys used in the purchase assessed under section 3648 of the Political Code, is the one we are most anxious to have determined in this case, as the matter is of considerable importance and is involved in a number of other cases against this same defendant."

The question stated by appellant does not arise in this case. The question whether the plaintiff purchased said United States bonds with intent to evade taxation was made in the pleadings, evidence was given upon that issue, and the court found thereon, "that the plaintiff did not willfully or otherwise conceal, remove, transfer, or misrepresent said property, to wit, the said sum of $59,206, or any property whatever, to evade taxation, and particularly that it did not purchase said bonds of the United States for the purpose of evading taxation upon the money used in their purchase"; and counsel in their brief say that this finding, being based upon conflicting evidence, is not attacked. If the court had found that the bonds were purchased "with intent to evade taxation," and concluded, as matter of law, that the solvent credits used in their purchase were not taxable, appellant's question would have been pertinent. The distinction between the case of *Jones* v. *Seward County,* 10 Neb. 154, (cited by appellant,) and the present case is, that there the court found that the bonds were purchased for the purpose of evading a just proportion of taxes, and was a fraud upon the revenue laws, while here the court found there was no fraud or evasion.

2. Appellant's second point is, that the facts stated by the officers of the bank to the assessor were sufficient to justify him in concluding that said property should be taxed, and that plaintiff is estopped from making a claim based upon a different state of facts from those made to the assessor. That the assessor acted in good faith need not be questioned; and whether the representations made to him differed from those appearing upon the trial, and, if so, which is true, is necessarily disposed of in the finding hereinbefore quoted, to the effect that the bonds were purchased as an investment, and not to evade taxation, which finding, it is conceded, was made upon conflicting evidence, and therefore not reviewable here.

3. It is contended that the decision of the county board of equalization refusing to grant the petition of respondent to strike out of the assessment as made by the assessor the amount of $59,206, added by him to cover the said investment in United States bonds, is final and conclusive against the plaintiff. This contention is unsound. No appeal from the action of the board is provided for, but the taxpayer may have relief under the provisions of section 3819 of the Political Code, in cases where he claims the assessment, or any part of it, is void, by paying under protest the full amount of the tax as assessed, and within six months thereafter bringing an action to recover back such part of the tax paid as he claims to be void, as is done in this case. If respondent had neglected to apply to the board for relief, it would appear that such neglect would have barred its right to relief in this action. (*Henne* v. *Los Angeles County,* 129 Cal. 297.)

4. It is further contended that the decree should be reversed because it provides that the judgment shall bear interest from its date at the rate of seven per cent per annum.

Section 1915 of the Civil Code declares: "Interest is the compensation allowed by law or fixed by the parties for the use, or forbearance, or detention of money"; and section 1920 of the same code provides: "Interest is payable on judgments recovered in the courts of this state, at the rate of seven per centum per annum, and no greater rate, but such interest must not be compounded in any form." In this case no interest was claimed or allowed prior to judgment.

Section 3819 of the Political Code provides, in substance, that when the taxes have become payable, the owner of any

property assessed therein who may claim that the assessment is void in whole or in part may pay the same to the tax-collector under protest, in writing, and shall specify therein whether the whole assessment is claimed to be void, or, if a part only, what portion, and in either case the grounds upon which such claim is founded, such payment not to be regarded as voluntary, and such owner may at any time within six months after such payment bring an action against the county, in the superior court, to recover back the tax so paid under protest.

In *Mackey* v. *San Francisco*, 128 Cal. 678, 687, the action was to recover a large sum for taxes illegally assessed and paid under protest, and the court below was ordered to enter judgment upon the findings in favor of the plaintiffs for the amount illegally assessed "and interest thereon at the legal rate" from the date of payment. No question as to the recovery of interest seems to have been made by counsel, nor was the question discussed in the opinion.

In *Savings etc. Society* v. *San Francisco*, 131 Cal. 356, the point was made that the court below erred in not allowing interest "from the date of payment of the tax under protest," citing sections 1915 and 1917 of the Civil Code, and Perley on Law of Interest, 135. It was held that the language of the statute was general, and did not include the state or any of its subdivisions, and that the state was not bound by general words of a statute which would operate to establish a right of action against it. (Citing *Mayrhofer* v. *Board of Education,* 89 Cal. 110;[1] and *Whitaker* v. *County of Tuolumne,* 96 Cal. 100.) *Mayrhofer* v. *Board of Education,* 89 Cal. 110,[1] was correctly decided, but does not decide this case. In that case the plaintiff sought to enforce a mechanic's lien upon a school-house he had built under a contract with the board of education, and it was held that the mechanic's lien law did not apply to public buildings, since the only mode of enforcing a lien was by a sale of the building, and the sale of a public building was not authorized. But that case did not hold that the plaintiff could not in a proper action recover interest for the detention of the money due under the contract from the board of education.

Nor do we question the correctness of *Whitaker* v. *County of*

---

[1] 23 Am. St. Rep. 451.

*Tuolumne,* 96 Cal. 100. There the question was whether general language in a statute creating new remedies or prescribing procedure could be held to authorize such actions against a county. Here, however, the County Government Act not only declares that "counties have the power to sue and be sued," but the section of the Political Code hereinbefore cited expressly authorized the present action, and it requires the payment of the illegal tax under protest in order to maintain an action to recover back the amount of the illegal exaction. The question, therefore, is not whether a county may be sued, but what is the extent of the relief to which a taxpayer who has paid the illegal exaction is entitled?

Under the express provision of the statute he is entitled to the return of the money paid under protest, if the tax was illegal. If the tax was legal the county was entitled to payment, and the taxpayer is not injured. In such case there was neither "use, or forbearance, or detention of money" (Civ. Code, sec. 1915) prior to findings and judgment that the tax was illegal. The statute under which the payment was made to the defendant does not provide for the payment of interest, nor was any money due thereon from the defendant until its liability was fixed by the judgment of a court of competent jurisdiction. Nor was it a loan of money by the plaintiff to the defendant, which would be presumed to be made upon interest, unless otherwise stipulated at the time in writing, as provided in section 1914 of the Civil Code. Whether, if it were shown that the defendant made a profit out of the money paid to it under said statute, the plaintiff would be entitled to damages to the extent of such profit, not exceeding the legal rate of interest, is a question not presented and not considered. But the judgment in the case before us fixed the liability of the defendant, and from that date the money to which the plaintiff was entitled was detained from it, and natural justice, as well as the statute which provides that interest at seven per cent is payable on judgments recovered in the courts of this state, justifies the judgment relating to interest (Civ. Code, sec. 1920); but prior to judgment it was not the duty of the defendant to pay. That duty arose, however, when the judgment was entered, and from that time the plaintiff was entitled to interest at the statutory rate; nor is the interest suspended by appeal, writ of error, or *certiorari,* where the judgment

of the court below is affirmed. (1 Sutherland on Damages, p. 712.)

The provisions of the County Government Act, cited by appellant, relate to interest on county warrants, and have no application to the rate of interest on judgments.

I advise that the judgment appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.