[L. A. Nos. 1741, 1762.    Department One.—April 3, 1907.]

## HENRY MILLER, Respondent, v. COUNTY OF KERN, Appellant.

TAXATION — PAYMENT UNDER PROTEST — INTEREST RECOVERABLE ONLY AFTER JUDGMENT.—In an action to recover taxes paid under protest, under section 3819 of the Political Code, interest after payment and before trial is not allowable, and can only be allowed against the county and state from the time of the adjudication declaring the money due.

ID. — AFFIDAVITS AUTHENTICATING ASSESSMENT-BOOK — FAILURE TO MAKE IN TIME LIMITED—DEFECT SUBSEQUENTLY CURED.—A defect in an assessment, caused by the omission of the clerk of the board of supervisors and of the county auditor respectively to affix to the corrected assessment-book their affidavits, as required by sections 3682 and 3732 of the Political Code, within the time therein limited, is cured under section 3885 of that code as to a party assessed who pays his taxes under protest, by the making and affixing of such affidavits to the assessment-book prior to the payment of the taxes. The making and affixing of such affidavits are "acts relating to the assessment or collection of taxes," within the meaning of that section, which are not rendered illegal because the same were not completed within the time required by law.

ID.—NOTICE BY TAX-COLLECTOR.—The fact that the tax-collector had given the notice to the taxpayers, as required by section 3746 of the Political Code, before the affidavits were attached, and gave no further notice after they were attached, did not affect the validity of the tax. The entire failure to give such notice would not make the tax invalid.

APPEALS from a judgment of the Superior Court of Kern County and from an order refusing a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, J. W. P. Laird, and Rowen Irwin, for Appellant.

Isaac Frohman, and Frohman & Jacobs, for Respondent.

SHAW, J.—This case is docketed under the above numbers, No. 1741 being an appeal from the judgment, and No. 1762 an appeal from an order denying defendant's motion for a new trial. We have concluded that the judgment must be reversed, with directions to enter a modified judgment on the findings.

The action is brought under section 3819 of the Political Code, to recover taxes claimed to be illegal and paid under protest. The case was before this court upon a former appeal by the plaintiff from a judgment given in favor of the defendant, upon a demurrer to the complaint. Upon that appeal the judgment was reversed. (*Miller* v. *County of Kern,* 137 Cal. 516, [70 Pac. 549].) Many questions arising in the case were decided against the plaintiff on that appeal, and are not now argued. After the case again reached the lower court an answer was filed denying the facts upon which the reversal was based. Upon the trial, an agreed statement of facts was filed from which the court made findings and gave judgment in favor of plaintiff as prayed for.

1. Upon the former appeal it was decided that growing alfalfa is not subject to taxation, and hence that the item of $1,110, paid by plaintiff as taxes levied on certain growing alfalfa, assessed at sixty thousand dollars, was invalid. The court below, upon the subsequent trial, declared the entire tax invalid and gave judgment for the taxes paid, with interest thereon from the date of payment to the time of trial. The appellant concedes the invalidity of the tax as to the sum of $1,110, levied upon growing alfalfa, but insists that no interest should have been allowed thereon until after judgment. In this the appellant is correct. In *Savings and L. Soc.* v. *San Francisco,* 131 Cal. 356, [63 Pac. 1013], and *Columbia Sav. Bank* v. *Los Angeles,* 137 Cal. 471, [70 Pac. 308], it was in substance held that in an action to recover taxes paid under protest, under section 3819 of the Political Code, interest after payment and before trial was not allowable, and that interest could only be allowed against the county and state from the time of the adjudication declaring the money due. The judgment now appealed from was rendered on November 22, 1904. It was correct to the extent of $1,110 and no more. Upon the going down of the *remittitur* the plaintiff will be entitled to judgment for that sum

with legal interest from the date above given. (*Columbia Sav. Bank* v. *Los Angeles*, 130 Cal. ·471, [70 Pac. 308].)

2. The only points upon which it is now claimed that the balance of the tax paid was invalid are,—1. That although the clerk of the board of supervisors delivered the corrected assessment-book for the year 1895 to the county auditor on the first Monday of August, 1895, the time required by section 3682 of the Political Code, he did not affix to it, nor accompany it with, an affidavit, as required by that section; that the affidavit was made and affixed to the book on November 1, 1895, and not before; and 2. That the auditor, after computing and extending the taxes on the book, delivered it to the tax-collector on the second Monday of October, 1895, as required by section 3732 of the Political Code, and did not then, nor at all, until November 1, 1895, make or attach to the book his affidavit in authentication thereof, as required by that section, and that in· the mean time the tax-collector had published the notice to taxpayers, as required by section 3746 of the Political Code.

The allegations of the complaint are that the corrected assessment-book, when it was delivered by the clerk of the board of supervisors to the auditor, and thereafter when delivered by the auditor to the tax-collector, was not accompanied by the affidavit required by section 3682, nor by any affidavit, nor was any affidavit of the auditor attached thereto, as required by section 3732, when it was delivered to the tax-collector. In the decision upon the former appeal, these allegations were admitted by the demurrer, and as it did not appear by averment, and was not presumed, that the affidavits had been attached after delivery, the case was decided upon the theory that they had never been attached, and were entirely lacking. Upon that assumption the taxes were said to be void, but the question of their validity, in case it should afterwards be shown that the proper affidavits were attached after the respective deliveries of the book, was expressly left open and undecided.

Upon the subsequent trial in the lower court, in response to the allegations of the answer, the court made findings that on November 1, 1895, after the assessment-book was delivered to the tax-collector, and after publication by him of the notice

to taxpayers, the clerk of the board of supervisors and county auditor, respectively, made and attached to the book the affidavits required of them, respectively, by sections 3682 and 3732 aforesaid. The plaintiff did not make his protest, nor pay any taxes, until November 25, 1895. At that time the affidavits were attached as required. There is no claim that the delay in attaching them, or their absence prior to November 1st, caused any injury to the plaintiff or affected him in any manner.

We are of the opinion that the defect previously existing in the assessment, by reason of the lack of these affidavits, was cured by the facts as above found by the court. The making and attaching of these affidavits to the assessment-book is required, as stated by this court upon the former appeal, for the purpose of authentication. They are "acts relating to the assessment or collection of taxes," beyond doubt.

Section 3885 of the Political Code is as follows: "No assessment or act relating to assessment or collection of taxes is illegal on account of informality, nor because the same was not completed within the time required by law."

There was not an entire failure to perform the acts of making and affixing the affidavits; they were properly made and affixed, but not within the time specified in the code. No injury was caused, and we cannot see that injury could be caused, by the delay. By the express language of section 3885 the delay did not make the affidavits or the assessment in question illegal. They were lawfully made and attached, and if the assessment was previously invalid for lack of them, as had been in effect decided for the purposes of this case, it became valid and lawful the moment they became attached to the book on November 1, 1895. This is a reasonable doctrine and we perceive no benefit, public or private, to be derived from holding the contrary. It is fully supported by the decisions in similar cases: *Buswell* v. *Supervisors,* 116 Cal. 354, [48 Pac. 226]; *People* v. *Eureka etc. Co.,* 48 Cal. 146; *Hart* v. *Plum,* 14 Cal. 155; *Payne* v. *San Francisco,* 3 Cal. 126; *State* v. *Mining Co.,* 15 Nev. 388; *State* v. *Western U. T. Co.,* 4 Nev. 344; *Walker* v. *Edmunds,* 197 Pa. St. 647, [47 Atl. 868]; *Hooker* v. *Bond,* 118 Mich. 257, [76 N. W. 405]; 1 Cooley on Taxation, 3d ed., 486.

It is suggested that the fact that the tax-collector had given the notice to the taxpayers, as required by section 3746, before these affidavits were attached, made the defect incurable unless a new notice was given thereafter, which does not appear to have been done. This proposition is sufficiently answered by the decision upon the former appeal in this case, wherein it was held that an entire failure to give this notice would not make the tax invalid. (*Miller* v. *County of Kern,* 137 Cal. 524, [70 Pac. 549].) Conceding, therefore, that the tax could not lawfully have been collected prior to November 1st, and assuming that then, for the first time, the tax-collector received a valid assessment-book for that year, and that his previous notice to taxpayers was ineffectual, his subsequent failure to give the notice would not affect the validity of the tax, nor authorize its recovery after payment under protest.

The facts upon which the decision of this case depends, having been agreed upon by the parties, and being fully set forth in the findings, there is no necessity for another trial.

The order denying the new trial is affirmed without costs to either party. The judgment is reversed, with costs, and the cause remanded to the superior court, with directions to that court to enter judgment in favor of the plaintiff against the defendant for the amount of $1,110, and legal interest thereon from November 22, 1904, to the date of such judgment, with costs of suit, other than the costs of the appeals.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.