[L. A. No. 1742. Department One.—April 3, 1907.]

## KERN VALLEY WATER COMPANY, Respondent, v. COUNTY OF KERN, Appellant.

TAXATION — AUTHENTICATION OF ASSESSMENT-BOOK — DEFECT SUBSE-QUENTLY REMEDIED—PAYMENT UNDER PROTEST—INTEREST.—*Miller* v. *County of Kern, ante,* p. 797, affirmed to the effect that a defect in an assessment, caused by the omission of the clerk of the board of supervisors and of the county auditor, respectively, to affix to the

CL Cal.—51

assessment-book their affidavits, as required by sections 3682 and 3732 of the Political Code, within the time therein limited, is cured, as to a party assessed who pays his taxes under protest, by the making and affixing of such affidavits to the assessment-book prior to the payment of the taxes; and also to the effect that interest on taxes paid under protest is not recoverable for the time between the payment and the recovery of judgment.

ID.—CANAL SITUATED IN DIFFERENT SCHOOL AND ROAD DISTRICTS— ASSESSMENT.—The assessment of a canal situated in more than one school district, and also in more than one road district, which does not show in what school districts and road districts it was thus situated, and in which the respective parts of the canal situated in the respective road districts were not separately assessed or otherwise designated, so that the tax due in each district could be ascertained therefrom, is invalid, and the tax levied thereon is void.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, J. W. P. Laird, and Rowen Irwin, for Appellant.

Isaac Frohman, and Frohman & Jacobs, for Respondent.

SHAW, J.—The defendant appeals from the judgment upon the judgment-roll. The action is brought under section 3819 of the Political Code, to recover taxes alleged to be illegal and paid under protest.

1. So far as the claim of illegality is founded upon the failure of the clerk of the board of supervisors and the county auditor, respectively, to attach an affidavit to the assessment-book, as required of them, respectively, by sections 3682 and 3732 of the Political Code prior to November 1, 1895, the decision must be against the plaintiff, upon the authority of the opinion in the case of *Miller* v. *County of Kern, ante,* p. 797, [90 Pac. 119], decided concurrently with the present case, wherein the question is sufficiently discussed.

2. The judgment for the plaintiff was for the sum of $1,900.96. The items composing this sum were $1,110, assessed upon a certain canal; $67.52, assessed upon certain lands; and $723.44, allowed by the court as interest on the first two items from the time of payment thereof under protest, until Novem-

ber 22, 1904, the date of the judgment. Upon the authority of *Savings and Loan Soc.* v. *San Francisco,* 131 Cal. 363, [63 Pac. 665]; *Columbia Sav. Bank* v. *Los Angeles,* 137 Cal. 471, [70 Pac. 308]; and *Miller* v. *County of Kern, ante,* p. 797, [90 Pac. 119], the allowance of interest thus made must be held erroneous.

3. The canal above mentioned was situated in more than one school district, and also in more than one road district. The assessment, however, did not show in what school districts and road districts it was thus situated, nor were the respective parts of the canal situated in the respective road districts separately assessed, or otherwise designated, so that the tax due in each district could be ascertained therefrom. This rendered the tax on that item of the assessment void. It was so decided in *Kern V. W. Co.* v. *County of Kern,* 137 Cal. 511, [70 Pac. 476], which was a former appeal in this case. The item of $67.52 was claimed to be void for the same reasons, and the facts were so alleged in the complaint. When the cause again came up in the lower court after the reversal on the former appeal, issue was taken on these allegations by the answer, and the court in response thereto made findings that the allegations of the complaint were untrue, and that the assessment-book did show in what school districts and road districts, respectively, the lands were situated, and that they were separately assessed accordingly. We are at a loss to understand the reason for including this item in the judgment, and, as the respondent advances none, we·presume it was an inadvertence. The judgment is to this extent erroneous. · The facts were found by the court in accordance with an agreed statement thereof signed by the parties, and the rights are fully disclosed thereby. No further proceedings appear to be necessary. The appellant does not claim that the judgment is erroneous in any other particulars than those above given. Justice can be done by a modification of the judgment by this court.

The judgment of the superior court appealed from is modified by striking therefrom the item of $723.44, allowed as interest, and the further sum of $67.52, included therein for taxes paid on property of the plaintiff other than the canal. The judgment as thus modified will be for the sum of $1,110, and will stand as a judgment of its date, November 22, 1904,

and is to bear interest from and after that date at the legal rate of seven per cent per annum, and as so modified the judgment is affirmed. The appellant will recover the costs of appeal.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.