[Civ. No. 3931.   First Appellate District, Division One.—November 17, 1921.]

UNITED TAXPAYERS COMPANY (a Corporation), Respondent, v. CITY AND COUNTY OF SAN FRANCISCO, Appellant.

[1] INTEREST—JUDGMENT—ACTION TO RECOVER TAXES—TIME.—In an action brought under section 3819 of the Political Code to recover taxes paid under protest, an order for judgment is not a sufficient foundation for the allowance of interest from such date until judgment is finally rendered and entered, notwithstanding the plaintiff is entitled to have a judgment entered *nunc pro tunc* as of the date of the order for judgment.

[2] JUDGMENT—ORDER FOR—INTEREST.—An order for judgment is not a judgment within the meaning of section 1920 of the Civil Code, providing interest is allowable upon judgments from the date of their entry.

[3] ID.—RECOVERY OF ILLEGALLY COLLECTED TAXES—SCOPE OF JUDGMENT.—A judgment to recover taxes illegally collected cannot be expanded so as to cover issues and amounts not embraced in the plaintiff's pleading and not covered by the stipulation of the parties as to the facts of the case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Modified.

The facts are stated in the opinion of the court.

George Lull, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, for Appellant.

Joseph E. Bien and Edwin H. Williams for Respondent.

RICHARDS, J.—This action was commenced by the plaintiff, United Taxpayers Company, as the assignee of seven different taxpayers to recover back from the city and county of San Francisco certain taxes for the fiscal year 1907–08 alleged to have been paid under protest pursuant to the provisions of section 3819 of the Political Code. The aggregate sum which the plaintiff thus sought to recover as stated in the prayer of its complaint was $4,777.26,

with interest thereon from the seventeenth day of January, 1908, together with costs.

The answer of the defendant was so framed as to put in issue most of the allegations of the complaint, but subsequently to the date of filing the same and on June 2, 1910, there was filed the stipulation of the parties to the action embracing an agreed statement of facts to be used at the trial of the case. In said stipulation the right was expressly reserved to the parties to introduce evidence at the trial as to any other facts not inconsistent with those admitted to be true by the terms of said stipulation. Shortly after the filing of said stipulation the parties hereto entered into another stipulation permitting an amendment to the plaintiff's complaint so as to show that Jacob Kamm, one of the plaintiff's assignors, had paid an additional sum of $1,690.65 as a second installment of taxes for said fiscal year, it being stipulated, however, that at the time of the payment of said second installment of taxes no other or additional protest was made to that filed by said Kamm at the time of payment of the first installment of his taxes. Certain other amendments to said complaint were agreed to and made, but no additional sum was prayed for to the aggregate demanded in the original complaint.

It would seem that at or about the time when the foregoing stipulations were entered into there had been put to trial and tried and determined in the trial court an action entitled *Josselyn* v. *City and County of San Francisco*, which was a case involving the same issues of law as are involved in the present action. An appeal was taken in that case to the supreme court, which was heard and determined therein, and a decision rendered on October 2, 1914, which decision is to be found in *Josselyn* v. *City and County of San Francisco*, 168 Cal. 436 [143 Pac. 705]. While this last-named case was taking its course through the process of trial, appeal, and final determination in the supreme court, nothing further was done in the instant case, with the exception of the matters and things which are referred to and agreed to in a stipulation between the parties hereto entered into on the eighteenth day of June, 1919, and filed on the twenty-eighth day of July, 1919. It may be noted that said stipulation refers to the present action and also to another and similar action having the same title and wherein

a like agreed statement of facts had been filed. This last stipulation reads as follows:

"Whereas, prior to November 10, 1910, a certain stipulation and agreed statement of fact was entered into by and between the plaintiff above named by Joseph E. Bien, Esq., its attorney, and the defendant above named by the then city attorney, by the terms of which certain facts being then and there matters of record then and there known to the said City Attorney of his own knowledge, were stipulated and agreed to as being true with the same effect as if said facts had been proved in open court by competent evidence; and,

"Whereas, prior to said November 10, 1910, it was further stipulated and agreed between the said plaintiff and the said defendant by its then City Attorney that the said statement of facts should apply to and govern both of the cases numbered and entitled as above in the records and files of the Superior Court of the State of California in and for the city and county of San Francisco; and,

"Whereas, it was prior to November 10, 1910, stipulated between plaintiff and defendant by its then city attorney that the issues of law presented by the facts so stipulated and agreed to should be determined according to the rulings of the courts in other cases arising on identical facts and then and there pending for determination in the courts of California; and,

"Whereas, the Supreme Court of the State of California in the case of *Josselyn* v. *City and County of San Francisco,* 168 Cal. 436 [143 Pac. 705] in its decision duly given and made October 2, 1914, resolved all points of law presented by an identical agreed statement of facts against defendant; and,

"Whereas, the Superior Court of the State of California in and for the city and county of San Francisco, dept. 1 thereof, J. M. Seawell, judge presiding, did on November 10, 1910, duly give and make its order for judgment in favor of the plaintiff as prayed in both of the said actions numbered and entitled as above;

"Now, therefore, it is hereby stipulated and agreed that said agreed statement of facts may be taken as and for findings in the above entitled actions, and that all further

55 Cal. App.—16

findings and facts other than the facts stated in the agreed statement may be waived."

Upon the making and filing of the foregoing stipulation, this case came on to trial and was submitted to the trial court for its decision upon the aforesaid agreed statement of facts and upon said last-named stipulation; whereupon, and on August 22, 1919, the trial court rendered and entered its judgment herein in favor of the plaintiff for the sum of $5,750. It is from this judgment that the present appeal has been taken.

The single point urged by the appellant upon this appeal is that the judgment appealed from is $972.74 in excess of the sum which the plaintiff, in its original complaint, sought to recover, and is the same amount in excess of any judgment which the trial court was empowered to render under the agreed statement of facts and the stipulations of the parties to the action.

No reason was assigned by the trial court for this increase of $972.74 in its judgment over the amount demanded by the plaintiff in its complaint, and we are left in a large measure to the surmise of the respective parties as embodied in their briefs for whatever reason, good or bad, there may be for this increase. The appellant suggests two conceivable reasons for the court's action, both of which it argues are indefensible. One of these is that the trial court undertook to award to plaintiff interest upon the amount prayed for in its complaint from and after the tenth day of November, 1910, when, according to the last stipulation of the parties above set forth in full, the trial court did "duly give and make its order for judgment in favor of plaintiff as prayed for." This supposititious reason for the increased amount of said judgment is indefensible, according to the contention of the appellant, because no actual judgment was then or ever entered pursuant to said order, and hence there was no actual judgment prior to August 22, 1919, upon which interest could be computed or allowed under section 3819 of the Political Code, as well as under section 1920 of the Civil Code.

The second reason which the appellant surmises for the increase of said judgment is that the trial court undertook to allow plaintiff judgment for some other item of taxes held to have been illegally imposed in the Josselyn case,

but for which item of taxes this plaintiff had not in this action sought recovery.

The respondent herein takes up the gauge of battle which the appellant thus throws down. It asserts, as to the first proposition, that the order for judgment stipulated to have been given and made by the trial court on November 10, 1910, was and is a sufficient foundation for the allowance of interest by it from that date forward in its judgment finally rendered and entered on August 22, 1919.

[1] This contention cannot be sustained. [2] An order for judgment is not a judgment. (*Delger* v. *Jacobs,* 19 Cal. App. 197 [125 Pac. 258]; *Canadian etc. Co.* v. *Clarita etc. Co.,* 140 Cal. 672 [74 Pac. 301].) Interest, by the express language of section 1920 of the Civil Code, is allowable upon judgments from the date of their entry only; and concededly no judgment was entered in this action until August 22, 1919. Whether or not, under the terms of the foregoing stipulation, the plaintiff would be entitled to have the trial court enter said judgment *nunc pro tunc* as of the date of its earlier order for judgment is quite immaterial here, since no such form of judgment was asked for or obtained. Under the authority not only of the code, but of repeated decisions of our supreme court, interest prior to the entry of judgment cannot be allowed in the class of cases permissible to be brought under section 3819 of the Political Code. (*Savings & Loan Soc.* v. *San Francisco,* 131 Cal. 356 [63 Pac. 665]; *Columbia Sav. Bank* v. *Los Angeles County,* 137 Cal. 467 [70 Pac. 308]; *Miller* v. *Kern Co.,* 150 Cal. 797 [90 Pac. 119]; *Kern Valley W. Co.* v. *Kern County,* 150 Cal. 801 [90 Pac. 121].)

[3] The next contention of the respondent is that, under the terms of the stipulation of the parties entered into on June 18, 1919, and above set forth in full, the plaintiff would be entitled in this action to recover everything in the way of taxes illegally collected from him which the plaintiff in the Josselyn case was held to be entitled to recover. It needs no argument that this contention cannot be sustained, since to do so would be to import into the plaintiff's pleading and prayer for recovery items of taxes regarding which no issues were ever framed nor any agreed statement of facts ever filed. The agreed statement of facts made and filed in open court on June 2, 1910, covers only

one item of taxes found to have been illegally imposed in the Josselyn case. This agreed statement of facts then filed took the place of findings in the instant case by virtue of the stipulation of the parties entered into upon June 18, 1919, and upon which the judgment entered on August 22, 1919, was predicated. This judgment could by no process of sound reasoning be so expanded as to cover issues and amounts not embraced in the plaintiff's pleading and not covered by the stipulation of the parties as to the facts of the case. It follows necessarily that the judgment of the trial court exceeded the amount which under the pleadings in the case and the stipulations of the parties it was entitled to render by the sum of $972.74, and that it must be modified so as to eliminate this excess.

It is therefore ordered that the judgment herein be so modified as to strike therefrom the sum of $972.74 as of the date of the entry thereof; and the trial court is hereby directed to make such modification and enter its judgment accordingly in the plaintiff's favor for the sum of $4,777.26 as of the date of its original judgment herein.

Waste, P. J., and Kerrigan, J., concurred.