[Civ. No. 3565. Third Appellate District.—November 26, 1928.]

C. L. POWELL, Appellant, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

Emmet H. Wilson for Appellant.

Jess E. Stephens, City Attorney, and Cecil A. Borden, Deputy City Attorney, for Respondent.

PRESTON (H. L.), J., *pro tem.*—This action was commenced by plaintiff to recover from defendant interest on money unlawfully withheld from plaintiff by the city council of defendant.

Defendant interposed a general demurrer to the complaint, which was sustained by the court, without leave to amend, and judgment was thereupon entered in favor of defendant. From this judgment plaintiff prosecutes this appeal.

Plaintiff, by appropriate allegations in his complaint, alleges the following facts: In October, 1917, pursuant to the provisions of the Street Improvement Act of 1913 (Stats. 1913, p. 954), the city council of the City of Los Angeles passed an ordinance declaring its intention to order the construction of a tunnel in a portion of Second Street in the City of Los Angeles, together with other improvements particularly described in said ordinance. Thereafter, pursuant to said improvement act, the ordinance ordering the work was adopted. In these proceedings the city council declared that serial bonds should be issued to represent assessments of $25, or more, for the cost and expenses of said work or improvements; the said bonds to bear interest at the rate of seven per cent per annum. Thereafter, notices inviting proposals or bids for the doing of the work were published and posted, and at the time appointed therein bids were received for the work, among the same being a proposal from one John Hayes. In March, 1918, the contract for

the performance of the work was awarded to the said John Hayes, and subsequently a contract was entered into between the defendant, City of Los Angeles, and the said John Hayes, whereby the latter agreed to perform the work for $995,773.21, which contract was accompanied by good and sufficient bonds in the amount required by law. Thereafter, an assessment was levied upon the property in the assessment district, pursuant to which certain assessments were paid in cash, and by reason of the failure to pay certain other assessments in excess of $25, bonds were issued against the property upon which the assessments had been levied; the total amount of the bonds being $542,656.17. In March, 1921, pursuant to the provisions of said improvement act, the bonds were duly and regularly advertised for sale, and upon the date specified for the sale thereof, bonds in the total sum of $8,497.07 were sold, leaving bonds unsold in the amount of $534,159.10. The bonds unsold, together with the cash received at the said sale, were placed in the ''Second Street Tunnel Improvement Fund'' and, pursuant to the terms of said statute, at all times thereafter were deemed and treated as ''so much money in said fund.''

Immediately after the sale of said bonds, the said John Hayes was notified by the City that there was sufficient money and bonds in the special fund, devoted to the said improvement, to pay the price agreed by said contract to be paid, and within twenty days after receipt of said notice the said John Hayes commenced work on said improvement, and thereafter the said work was completed and the same was accepted as completed by the city council of said defendant on August 28, 1924. On January 9, 1922, by an assignment in writing, the said John Hayes assigned and transferred to the plaintiff herein all moneys and bonds then due, or that should thereafter become due, under the provisions of said contract, and authorized payment and delivery to plaintiff of all moneys and bonds then due, or that should thereafter become due, pursuant to said contract. On the same date the assignment was delivered to and filed with the board of public works, which board then had custody of the contract and also had charge and control of the improvements. The assignment was thereupon accepted and filed by the board of public works and attached to the contract.

During the progress of the work, portions thereof were from time to time accepted in the manner provided by law. Prior to the date of the assignment partial payments were made to Hayes, and subsequent to the date of the assignment partial payments were made to plaintiff, by warrants drawn on said improvement fund. On April 28, 1924, bonds had been paid by property owners in the total sum of $72,518.11, and between April 28, 1924, and August 28, 1924, other bonds were paid in the sum of $3,578.57, making a total of $76,096.68 in bonds which were paid in full prior to the acceptance of the work. On April 28, 1924, the city council adopted a resolution directing that all bonds then remaining in the said improvement fund, at their par value, should be issued and delivered to defendant, City of Los Angeles, by the treasurer of said City, and that the par value of said bonds in money should be transferred from the general fund of the City of Los Angeles to the special fund for the said improvements. Prior to April 28, 1924, the date of the adoption of said resolution, interest in the sum of $101,825.12 had been paid on account of the bonds in said fund, and between the said last-mentioned date and August 28, 1924, the date of the completion and acceptance of the work, additional interest had been paid in the sum of $14,874.88, making a total of $116,700 interest in the fund at the time of the completion and acceptance of the work. On August 28, 1924, the date of the acceptance of the work, the plaintiff, as assignee of the contractor, was entitled to receive from the defendant, the said interest amounting to $116,700; also the said sum of $76,096.68, which had been paid by the property owners in full payment of bonds upon their respective properties; also the sum of $1,957.05, which was the remaining portion of the cash originally paid into the fund, making a total of $194,-753.73, which the plaintiff should have received from the defendant on August 28, 1924.

The defendant refused to pay any portion of said sum to plaintiff uutil April 25, 1925, and then paid the said sum to plaintiff solely by reason of a writ of mandate issued out of the district court of appeal in and for the second appellate district (*Powell* v. *Allen*, 70 Cal. App. 663 [234 Pac. 339]). Under this mandate of the court, all the bonds and money above referred to, together with all accrued

interest thereon, were delivered and paid over to plaintiff by defendant.

Plaintiff brought this action for the purpose of recovering interest from defendant, City of Los Angeles, at the rate of seven per cent per annum, on the total amount withheld by it, from August 28, 1924, the date of the completion and acceptance of the work, to April 25, 1925, the date that actual payment was made to plaintiff.

In the opinion in *Powell* v. *Allen, supra,* rendered on January 21, 1925, this court held that the city council of the City of Los Angeles was without right or power to adopt the resolution of April 28, 1924, purporting to transfer the bonds to the City of Los Angeles, and to transfer an amount in money equal to the face value of the bonds from the general fund of the City into the said special improvement fund, and ordered a peremptory writ of mandate to issue, requiring the officials of the City of Los Angeles to deliver the bonds to the plaintiff in payment *pro tanto* of the balance of the contract price for the work done. This mandate of the court, however, as above stated, was not complied with until April 25, 1925.

Plaintiff contends that he is entitled to interest from the City of Los Angeles on the amount so withheld, from the time it became due and payable until the time the same was actually paid.

We think that the law of this state prohibits plaintiff's recovery.

The case of *Engebretson* v. *City of San Diego,* 185 Cal. 475 [197 Pac. 651], was an action to recover the balance of the contract price for certain street improvements, together with interest thereon, from the time the obligation accrued, and the court said: "In order to recover interest against a municipality there must be some statutory provision authorizing it. The rule is thus stated in Ruling Case Law (15 R. C. L., sec. 14, p. 17): 'It is well settled, both on principle and authority, that a state cannot be held to the payment of interest on its debts, unless bound by an act of the legislature or by a lawful contract of its executive officers made within the scope of their duly constituted authority. This principle applies to bonds, claims, judgments and warrants. The theory upon which the rule is based is that whenever interest is allowed either by statute

or by common law, except in cases where there has been a contract to pay interest, it is allowed for delay or default of the debtor. But delay or default cannot be attributed to the government. It is presumed to be always ready to pay what it owes. The apparently favored position of the government in this respect has been declared to be demanded by public policy.' The same reasons apply with equal force to a municipal corporation, although the authorities are not uniform on this subject. (15 R. C. L., sec. 15, p. 18.) Appellant relies upon sections 1915 and 1917 of the Civil Code to establish his right to recover interest, but in *Savings etc. Society* v. *San Francisco,* 131 Cal. 356, 363 [63 Pac. 665], it was held that these sections do not apply ,to the state or any of its subdivisions. The court there stated: 'The code sections cited relate to interest as compensation or damage between parties to an action, and the language of the statute is general and does not include the state or any of its political subdivisions. The state is not bound by general words of a statute which would operate to establish a right of action against it. (*Mayrhofer* v. *Board of Education,* 89 Cal. 110 [23 Am. St. Rep. 451, 26 Pac. 646] ; *Whittaker* v. *County of Tuolumne,* 96 Cal. 100 [30 Pac. 1016].) The action here is brought under a new section of the Political Code—3819—in which no provision is made for the payment of interest. (Stats. 1895, p. 335.)' This case was followed in *Columbia Sav. Bank* v. *Los Angeles,* 137 Cal. 467, 471 [70 Pac. 308], in *Miller* v. *Kern Co.,* 150 Cal. 797 [90 Pac. 119], and in *Spencer* v. *Los Angeles,* 180 Cal. 103, 115 [179 Pac. 163]. . . . We conclude, therefore, that the plaintiff is not entitled to recover interest and that his remedy to avoid delay was by *mandamus* to compel the auditor to issue the warrants and thus secure payment.''

The case of *Savings & Loan Society* v. *City and County of San Francisco,* 131 Cal. 356 [63 Pac. 665], was an action to recover certain taxes paid under protest, together with interest thereon from the date of the payment of the taxes, and in denying plaintiff's right to interest the court said: ''It is claimed that the court erred in not allowing interest from date of payment of the tax under protest. (Citing Civ. Code, secs. 1915, 1917; Perley on the Law of Interest, 135.) The code sections cited relate to interest as compensation or damage between parties to an action, and the language of the statute

is general and does not include the state or any of its political subdivisions. . . . ''

The case of *McNutt* v. *City of Los Angeles*, 187 Cal. 259 [201 Pac. 592], was an action brought to recover judgment against the City of Los Angeles for damages resulting in changing the grade of streets bordering on plaintiff's lot, together with interest thereon from the date that such damage accrued. Judgment was given to plaintiff for the principal sum but interest denied him, and he appealed on the ground that the court erred in not including interest in the amount of the judgment, and the court, among other things, said: ''As against the state or a municipality thereof interest cannot be recovered except under special statutory authorization.'' (Citing *Engebretson* v. *City of San Diego, supra; Savings & Loan Society* v. *City and County of San Francisco, supra.*)

The case of *Reclamation District* v. *Reclamation Board*, 197 Cal. 502 [241 Pac. 560], was a proceeding in *mandamus* to compel the reclamation board in the Sacramento and San Joaquin Drainage District to allow and provide for the payment of certain sums alleged to be due, together with interest thereon, arising out of the construction of certain levees, and in denying the right of plaintiff to recover interest the supreme court said: '' . . . the petitioner insists upon the application of the rule laid down in section 1915 et seq. of the Civil Code, relating to the payment of interest for the detention or forbearance in the payment of liquidated sums of money. This rule, while doubtless applicable to ordinary debtors, has no application to state agencies or political subdivisions, the liabilities of which are entirely regulated by the statutes providing for their creation and the limitations of their powers. This question is practically set at rest by the decision of this court in the case of *Engebretson* v. *City of San Diego*, 185 Cal. 475 [197 Pac. 651], wherein the doctrine as laid down in Ruling Case Law (15 R. C. L., sec. 14, p. 17) . . . was approved. . . . ''

Appellant contends that in the instant case the City was not liable at any stage of the proceedings for any portion of the contract price of the work, and for that reason the rule established by the foregoing authorities has no application.

It is true that the contract between the City of Los Angeles and John Hayes provided "that in no case, except where otherwise provided in the 'Improvement Act,' or in the contract itself, will the City of Los Angeles, or any officer thereof, be liable for any portion of the expense of the work aforesaid, or of any delinquency of persons or property assessed." The City was acting merely as a trustee in collecting and disbursing the funds, but the exacting of interest from the City for withholding the funds would be the imposition of a penalty for which, under the above authorities, the City of Los Angeles would not be liable.

Appellant loses sight of the fact that the City of Los Angeles *does not now hold in its possession any bonds, money or interest that belongs to plaintiff under the contract. Appellant is seeking to recover damages in the form of interest from the City of Los Angeles, and from no one else,* on money and bonds for the period the same were withheld from him. This he cannot do in the absence of a special agreement or statute authorizing the collection of interest on the money and bonds so withheld. Appellant's only remedy against a municipality in such a case is by *mandamus* proceedings. (*Engebretson* v. *City of San Diego, supra.*)

Appellant, however, does not claim any agreement by which the City was to pay the interest demanded, nor does he claim there is any special statutory authorization for the collection of interest.

The city council of Los Angeles had no authority to retain the bonds and the money in its possession during the time complained of and its act in so doing was without authority, wrongful and unlawful. The retention of said money by the city council, without lawful authority, was *ultra vires* and therefore void, for which the municipal corporation of the City of Los Angeles cannot be held liable. (*Healdsburg Electric Light & Power Co.* v. *City of Healdsburg,* 5 Cal. App. 558 [90 Pac. 955]; *Foxen* v. *City of Santa Barbara,* 166 Cal. 77 [134 Pac. 1142].) In the latter case the supreme court said: "It is undoubtedly the rule that a municipal corporation is not liable for the deeds or omissions of its servants done *ultra vires.* And this is true whether they act with or without the express command of the municipality."

We are of the opinion that appellant is not entitled to recover interest from the City of Los Angeles on the money and bonds so withheld from him.

The judgment is affirmed.

Finch, P. J., and Plummer, J., concurred.