[Civ. No. 11855.  First Dist., Div. Two.  Oct. 1, 1941.]

CONNECTICUT GENERAL LIFE INSURANCE COM-
  PANY (a Corporation), Respondent, v. STATE OF
  CALIFORNIA et al., Appellants.

Earl Warren, Attorney General, and Neil Cunningham,
Deputy Attorney General, for Appellants.

Hartley F. Peart and Howard Hassard for Respondent.

DOOLING, J. *pro tem.*—This is an appeal by defendant,
State of California, from a judgment for $2,131.54 with in-
terest thereon at 7% from the date of entry of judgment
and $15.50 costs.  The judgment was entered after the over-
ruling of defendants' general demurrer to the complaint and
its failure to answer within the time allowed.

The complaint alleges that plaintiff recovered three judg-
ments against the Treasurer of the State of California on
August 24, 1938, for the total sum of $32,053.27; that it
subsequently filed claims with the State Board of Control for
the principal amount of said judgments and for interest
thereon from the date of their entry and that the claim

for principal was allowed and paid but the claim for interest was rejected.

■ The attorney general argues that no interest can be allowed against the State of California even after judgment. The rule is settled the other way in a long line of California cases. (*Columbia Savings Bank* v. *Los Angeles County,* 137 Cal. 467 [70 Pac. 308]; *Miller* v. *County of Kern,* 150 Cal. 797 [90 Pac. 119]; *Spencer* v. *City of Los Angeles,* 180 Cal. 103, 115 [179 Pac. 163]; *Los Angeles Dredging Co.* v. *Long Beach,* 210 Cal. 348, 362 [291 Pac. 839, 71 A. L. R. 161]; *Los Angeles R. & G. Co.* v. *Los Angeles,* 132 Cal. App. 262 [22 Pac. (2d) 541].) It is true that these cases all involved the recovery of interest after entry of judgment against cities or counties but the principle involved is the same. They all proceed upon the basis that while in a suit against the state or its political subdivisions interest cannot be recovered prior to judgment unless there is express statutory warrant therefor, after judgment has fixed the liability to pay, interest is properly allowable.

■ The allowance of costs against the state was erroneous. (*People* v. *One Plymouth Sedan,* 21 Cal. App. (2d) 715, 717 [69 Pac. (2d) 1011].) The judgment is modified by striking therefrom the item of $15.50 allowed as costs, and as so modified it is affirmed.

Nourse, P. J., and Spence, J., concurred.