JUDGE COFER
delivered the opinion op the court.
John G. Samuels, sheriff of Nelson County, having failed to pay into the treasury of the state on or before the 1st day of April, 1874, as required by section 8 of article 8 of chapter 92 of the General Statutes, the amount of the taxes of his county with which he was chargeable for the year 1873, this proceeding was instituted in the Franklin Circuit Court at its June term, 1874, against him and the sureties in his bond for the collection of the revenue for 1873; and judgment having been rendered on the 24th of June for the balance due, with interest thereon at the rate of ten per cent per annum from the 1st day of June, 1873, he and his sureties have appealed, and seek a reversal of that judgment on the sole ground that they are not liable under the statute for interest except from the first day of June, 1874.
Whether the judgment is right depends upon the proper construction of section 6 of article 11 of chapter 92 of the General Statutes, which reads as follows: “Judgments when rendered against the defendants in cases referred to in the two preceding sections (i. e., actions or motions against officers collecting or receiving public moneys) shall be for the principal due, with interest at the rate of ten per cent per annum from the 1st day of June preceding and until paid.”
Counsel for appellants insist that the latter clause of the section should be read as if it was written “ from the preceding 1st day of June;” while the attorney-general maintains that the clause as written is plain and unambiguous, and that the judgment properly gives interest from the 1st day of June preceding—i. e., the 1st day of the June preceding the time when the money sought to be recovered ought to have been paid into the treasury.
It seems to us that the word “preceding” refers to June, and not to the first day, as contended by appellants. Indeed the language seems plain, and it is only when we come to apply *493 it to a case in hand that it is discovered that it works a supposed hardship, which counsel assume the legislature did not intend to impose, that there seems to be any difficulty.
The sheriff was bound by the provisions of section 8 to pay the taxes for 1873 into the treasury by the 1st day of April, 1874; and not having done so, it is claimed that it would be unjust to subject him and his sureties to interest for ten months prior to the time when he was bound to pay, or, in other words, ten months before the money was due. On the other hand, the construction contended for by the appellants would enable the sheriffs to retain the revenue from sixty to ninety days after it should be paid in, without interest or penalty of any sort. But their construction, if adopted, would involve other consequences more unreasonable than either of those just adverted to.
Section 1 of article 11 authorizes the auditor to proceed against delinquent sheriffs in the Franklin Circuit Court, or at his election in any other court having jurisdiction, to enforce payment by judgment and execution “at the next term succeeding such defalcation;” and section 17 of the same article gives to “the Franklin or any other circuit court” jurisdiction in such proceedings. If then two sheriffs make default, and the circuit court of the county of the residence of one of them commences on the first Monday in May, the auditor may proceed against him in that court, and under appellants’ construction judgment would be recovered for interest from the 1st day of June of the year before; while as to the other the auditor may again exercise his right to elect the court in which he will proceed, and commence proceedings in the Franklin Circuit Court, of which there is no term after the 1st of April until the fourth Monday in June, and in that case judgment could only be rendered for interest from the 1st day of- June of that year. The time from which sheriffs would be liable for interest would thus be made to depend in many cases, if not in all, upon the will of the auditor, and might be made *494 unequal, and until proceedings were actually commenced would be-uncertain.
"We can not suppose the legislature intended thus to make the liability-of sheriffs and their sureties and the rights of the commonwealth to depend upon the will of -a single officer, and especially when- the construction given to the statute by the auditor and the attorney-general, if viewed in the light of past legislation on this subject, does not impose upon collectors of the public revenue and their sureties any new or unusual liability.
It. has'-always been, and probably always will be, found necessary to impose penalties upon .public officers who make default in the payment of public money in their hands; and it certainly never was intended to place it in their power, -as would be done by the' construction contended for, to hold public money for sixty or ninety days after it should have been paid into the treasury, without incurring any penalty whatever, and without even becoming liable for interest.
It was accordingly provided by section 6 ' of article 9, chapter 83, Revised Statutes, that sheriffs failing to pay their revenue at the time prescribed by law (January 15th) and their sureties should be liable for interest at the rate of six per cent from the first day of the preceding June, besides twenty per cent damages on the unpaid principal, imposed by section 3, article 12, of the same chapter.
The interest imposed by the General' Statutes- for the ten months preceding the time when the whole revenue shbuld- be paid in is' in the nature of a penalty for failure to pay by the time fixed by law, and is less than one half that previously imposed for the same default; and that too-when two and-a half months less time was allowed for collection than under 'the present law. ' ■
By this construction the time from which sheriffs and their sureties are liable for interest is fixed by the law, and will *495 necessarily be tbe same as to all; and this is not only warranted by the language of the act, but is sustained by past legislation on the subject, and supported by reason and an evident public policy; while that contended for by the appellants necessitates a transposition of the words of the statute, and would offer a reward to defaulting officers.
The judgment of the circuit court, giving interest from the first of June, 1873, on the balance not paid in on the first day of' April, 1874, accords with the only rational construction of the statute, and is therefore affirmed.