## Board of Trustees of the Graded Free Colored Common Schools of Mayfield, Ky. v. Board of Trustees of the Graded Free White Common Schools of Mayfield, Ky.

(Decided October 29, 1918.)

## Appeal from Graves Circuit Court.

1. Schools and School Districts—Liability of Trustees of White Schools for Collecting Money of Colored School.—Under section 3588a of the Kentucky Statutes, white and colored schools in cities of the fourth class are entitled to their proportionate part of the school tax paid by corporations, and where the trustees of the white school collect and appropriate all of the corporation tax, the trustees of the colored school may maintain an action to recover their part.

2. Schools and School Districts—Limitation of Action by Colored School to Recover Money Wrongfully Collected by White School—Interest.—Where, under a mistake as to the proper construction of the law, the trustees of a white school collected and appropriated money that should have been paid to the trustees of the colored school the right of the colored school to recover its part of the funds, accrued when it was paid to the trustees of the white school, and the five year statute of limitation commenced to run from that time. The colored school was only entitled to interest on the fund in the hands of the white school from the time it demanded payment.

HESTER & HESTER for appellant.

W. J. WEBB and ROBBINS & ROBBINS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In the case of Trustees of Graded Free Colored Common Schools v. Trustees of Graded Free White Common Schools, this court decided, in an opinion that may be found in 180 Ky. 574, that revenue arising from a school tax on corporations in cities of the fourth class must be apportioned according to the numerical pupilage of the white and colored schools in the city, although the tax thus levied and collected was upon an assessment made only by the board of trustees of the white school, and accordingly the judgment of the circuit court holding on demurrer that the trustees of the colored school were not entitled to any part of the corporation tax levied for school purposes was reversed.

Thereafter, in response to a petition for rehearing, it was further held that the suit by the colored school to recover its part of the tax could be prosecuted against the trustees of the white school, the court saying that, "The city as an agency only, made the levy and collected the tax for school purposes. It was then turned over to the white board of education and the board directed its expenditure. The city did not appropriate any part of the money, but the whole was applied to the support and maintenance of the white schools."

Upon a return of the case the trustees of the white school for answer to the suit by the trustees of the colored school to recover the colored school's portion of the tax pleaded and relied on the five year statute of limitations as a bar to so much of the action as sought to recover the tax levied and collected in the years 1908, 1909 and 1910, and also denied the right of the colored school to interest on the amount of the tax collected by the white school except from the time suit was brought by the colored school to recover the tax. In opposition to this view the trustees of the colored school contended that the statute of limitations, which admittedly, if applicable, barred a recovery for the years named, did not present any defense because, as contended, the trustees of the white school collected and held the taxes for these years in a trust capacity, and this being so the statute did not begin to run until demand was made. It was further contended that as it was the duty of the trustees of the white school to turn over to the trustees of the colored school its part of the tax and as soon as collected by the white school, the colored school was entitled to interest on its part of the tax from the date of its collection by, or payment to, the white school.

In disposing of the case the lower court adjudged that as the taxes due and collectible for the years 1908, 1909 and 1910 were received by the trustees of the white school more than five years before the institution of the action by the trustees of the colored school to recover the tax, the suit was barred by the five year statute, and further adjudged that the trustees of the colored school were not entitled to interest except from June 9, 1916, the date when the trustees of the colored school demanded from the trustees of the white school the tax to which this court held the colored school entitled. From this

judgment the board of trustees of the graded colored school prosecutes this appeal.

On the question of limitation, the case turns on the proposition, whether the trustees of the white school collected or received and held that part of the corporation tax that properly belonged to the colored school in a trust capacity. If they did hold it in such capacity the statute of limitations has no application and on the other hand if they did not hold it in such capacity the statute presented a complete defense. It is provided in section 3588a of the statutes that the tax raised from the property tax laid for school purposes on white persons and corporations in cities of the fourth class shall be applied to the support of the white schools only; but this court held in the opinion referred to that so much of the statute as denied the colored schools the right to their proportionate part of taxes collected from corporations was unconstitutional and that the tax collected from corporations should be apportioned between the white and colored schools.

As the statute contemplated that the trustees of the white school should be entitled to all the taxes levied upon the property of corporations, it was provided in section 3595 of the statutes that the board of education of cities of the fourth class should ascertain the amount of money necessary to conduct the schools and report the same to the city council, and thereupon the city council should make the necessary levy and collect the tax which should be paid over to the board of education or its agent when collected. Accordingly this corporation tax when levied and collected by the city was paid over to the trustees of the white school pursuant to the provisions of the statute. The city council, the board of education and the trustees of the white school, all in good faith believed that the white school was entitled to the corporation tax because the statute so provided, and apparently the trustees of the colored school were of the same opinion because this tax had been levied, collected and paid to the trustees of the white school for several years before the suit was brought.

It does not appear clear from the statute whether this tax is collected by an officer appointed by the city or by the school, nor is it material in this case who appointed the collecting officer, because whoever he was ap-

pointed by he mistakenly paid all the corporation tax to the trustees of the white school and the trustees of the white school, under the mistaken notion that they were entitled to it, accepted it. Under the statute, however, as we have construed it, the collecting officer should have paid to the white school its part of the tax and to the colored school its part.

But from whatever source the trustees of the white school received all the taxes it seems quite clear that they did not receive that part belonging to the colored school in any trust capacity. They simply took it because they thought they were entitled to it to use in defraying the expenses of the white school. There was no trust relationship whatever between any of these parties in any way. It was the duty of the collector to have paid the part going to the colored school to the trustees of that school, but in place of doing this he paid it all to the trustees of the white school. This being so the trustees of the white school simply received money under the honest belief that they were entitled to it, when as a matter of fact they were not, and the trustees of the colored school had the right at any time to have demanded their part of the fund from the collector, or if he had paid it over to the trustees of the white school, from them, and so their cause of action to recover the money arose immediately upon its diversion by either the collector or trustees of the white school. Accordingly the five year statute commenced to run in favor of the white school when the money belonging to the colored school came into its possession.

As to the interest, under the circumstances, the white school should not be charged with interest on this fund because it was not wrongfully withheld from the colored school until after demand was made. Before demand was made all of the parties, as we have said, in good faith believed the white school entitled to the whole fund and it would be unjust to require it to pay interest on the part of the fund going to the colored school until the colored school demanded payment of its part.

Wherefore the judgment appealed from is affirmed.