## Coleman, Auditor of Public Accounts, v. Reamer's Executor et al.

(Decided February 24, 1931.)

J. W. CAMMACK, Attorney General; GEO. H. MITCHELL and S. H. BROWN, Assistant Attorneys General, for appellant.

ROWAN HARDIN for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON— Reversing.

Anna C. Reamer, a resident of Jefferson county, died testate on the 15th day of September, 1925. Her will, with codicil, was duly probated in Jefferson county, Ky. The appellee was nominated executor thereof, and duly qualified as such. By this codicil the testatrix recited that Ophelia Hay had rendered services to, and for, her from 1897, and for which she had not been paid. She

directed that she be paid for her services the sum of $150 a month from 1897, until the death of testatrix. The amount so directed to be paid to Ophelia Hay aggregated $52,500. The executor of the will duly reported to the state tax commissioner as required by law for the purpose of ascertaining and fixing the inheritance tax which the estate of the testatrix should pay to the state. In its report it took the position that the $52,500 was a debt due from the estate to Ophelia Hay, and that therefore no inheritance tax was due the state on account thereof. The state tax commission insisted that this amount was a devise by the codicil to the will of testatrix to Ophelia Hay, and that it was subject to the payment of an inheritance tax. The amount of inheritance tax due from the estate, if it were subject to an inheritance tax, was $5,338.29, which amount was paid by appellee under protest to the auditor of public accounts. Thereupon this suit was instituted by the appellee against the appellant as auditor of public accounts of the state of Kentucky, and a writ of mandamus was asked to compel him to refund this amount to it, as executor of the will of Anna C. Reamer, deceased, and interest was prayed for from the 2nd day of December, 1927.

The circuit court sustained a demurrer to the petition. An appeal was taken to this court (226 Ky. 301, 10 S. W. (2d) 1095, resulting in a reversal of the judgment of the circuit court. On a return of the case, a trial was had on the merits. The circuit court by its judgment, directed the appellant as auditor of public accounts of the state of Kentucky, forthwith to draw his warrant on the state treasurer in favor of the appellee for the sum of $5,338.29, with interest thereon from the 2d day of December, 1927, until paid. From this judgment this appeal is prosecuted.

The question involved is the interpretation of section 162 of the Kentucky Statutes, and the right of appellee, by virtue thereof, to collect interest on the $5,338,29 from December 2, 1927. This action was instituted by virtue of this section, which provides that, "when it shall appear to the auditor that money has been paid into the treasury for taxes when no such taxes were in fact due, he shall issue his warrant on the treasury for such money so improperly paid, in behalf of the person who paid the same."

Originally, at common law, interest and usury were synonymous. The taking of interest originally was usury at common law, and a punishable offense. This was the condition of the law of interest until England adopted a statute giving creditors the right to collect a limited percentage of interest. A taking of a greater percentage than that permitted by the statute still left the taking of a rate in excess of that fixed by statute a punishable offense. Under the ancient common law of England, one accepting interest was disciplined by the church and at death forfeited all of his goods and lands to the king. It regarded all contracts for interest however small, as void. Houghton v. Page, 2 N. H. 42, 9 Am. Dec. 30; Schliesinger v. State, 195 Wisc. 366, 218 N. W. 440, 57 A. L. R. 352.

The right to collect interest, by statutory enactment, ceased to be a crime, but became a statutory privilege. Therefore the right to collect interest is a creature of statutory enactment.

By an ordinance of the Virginia Legislature passed in 1776, it is declared that the common law of England and all statutory enactments of parliament made in aid of the common law prior to the fourth year of King James 1st, and which were of a general nature and not local to that kingdom, were made a rule of decision and were in full force and effect in Virginia until the same were altered by the Legislature. Hunt v. Warnicke's Heirs, 3 Ky. (Hardin) 66; Ray v. Sweeney, 77 Ky. (14 Bush.) 1, 29 Am. Rep. 388.

By the first, second, and present Constitutions of Kentucky (now section 233), all laws which, on the 1st day of June, 1792, were in force in the state of Virginia, and which were of a general nature and not local to that state and not repugnant to the Constitution, nor to the laws which have been enacted by the General Assembly of this Commonwealth, are in force in this state, except where altered or repealed by legislative enactment. Morris v. Morris, 225 Ky. 823, 10 S. W. (2d) 277.

The right to collect interest in this state therefore is by virtue of the statute, and is a creature of the statute, not of the original common law of England.

It may be collected by the general law which fixes the rate at 6 per cent. on obligations ex contractu, quasi ex contractu, and obligations ex delicto, or that is on

express contracts, implied contracts, and in actions for torts, or where it is otherwise provided by statute.

Unless authorized by statute, interest is not collectible on taxes due the state; it being in the nature of a penalty. Danber v. City of Louisville, 5 Ky. Law Rep. 865; Shanks v. Stephens, 6 Ky. Law Rep. 516; Kentucky Cent. R. Co. v. Pendleton County, 2 S. W. 176, 8 Ky. Law Rep. 517; L. & N. R. R. Co. v. Hopkins County, 87 Ky. 605, 9 S. W. 497, 10 Ky. Law Rep. 806; L. & N. R. Co. v. Commonwealth, 89 Ky. 533, 12 S. W. 1064, 11 Ky. Law Rep. 734; Ormsby v. City of Louisville, 79 Ky. 197; Livesay v. DeArmond, 131 Or. 563, 284 P. 166, 68 A. L. R. 422. Nor is a county, which is a division of the state, liable for interest, except in case of a contract by which it agrees to pay interest, or by virtue of a statute allowing interest on a particular claim. Kline v. Jefferson County, 101 S. W. 356, 30 Ky. Law Rep. 1344; Tincher, Judge, v. Commonwealth, 208 Ky. 661, 271 S. W. 1066.

In the pending case, the statute under which this action was instituted and by virtue of which the judgment of the circuit court was rendered, authorized the auditor, where taxes have been paid, including inheritance taxes, when in fact no such taxes were due, to issue his warrant on the treasurer for the sum so improperly paid to the person who paid the same. It makes no provision for, and confers no authority upon, the auditor to refund such money so improperly paid, with interest. The authority of the auditor to refund taxes improperly paid is created by statute and the act of refunding or returning to the taxpayer such tax by the auditor is governed exclusively by statute. The statute is silent as to interest, and we are without authority to interpolate it to make it read otherwise than as written. The generosity and the wisdom of the General Assembly have not made provision for the payment of interest on taxes when refunded. The payment of interest on taxes when improperly paid is controlled by this section of the statute, and is not controlled by the general law.

In Commonwealth v. Lyon, 72 S. W. 323, 24 Ky. Law Rep. 1747, a joint resolution was adopted by the General Assembly and approved by the Governor, authorizing H. B. Lyon to institute an action against the commonwealth to recover for certain services alleged to have been performed by him in the construction of the branch peniten-

tiary at Eddyville. The allowance or disallowance of his claim by the joint resolution left to the discretion of the jury, or of the court, the right to determine the amount of his claim. The nature of the claim in that case was ex contractu, and by the general law interest is collectible on such claims. Federal Lumber Co. v. Reece (Ky.) 116 S. W. 783.

In Commonwealth v. Collins, 12 Bush, 386, by a special act of the General Assembly, Richard H. Collins was authorized to institute a suit against the commonwealth in the Franklin circuit court to obtain a judicial construction of the act and to decide the liability of the state, if any, under this act, and to recover from the commonwealth any amount of damages he may have sustained if any, by refusal or delay, if any, to comply with the act of 1871. The act of 1871 authorized the superintendent of public instruction to pay Collins $4 a copy for such number of his historical sketches of Kentucky as should be required to supply one copy thereof to each schoolroom for children over 10 years of age, having separate teacher in cities and towns. The act of 1871 authorized a contract with Collins, and the act of 1876 authorized a suit against the commonwealth for a breach thereof. His claim was ex contractu, and not in the nature of taxes improperly collected, and is easily distinguishable from the present case. Schulte v. L. &. N. R. R. Co., 128 Ky. 627, 108 S. W. 941, 33 Ky. Law Rep. 31.

The appellee cites the opinions of the Supreme Court of the United States in the case of Erskine, Collector, v. Van Arsdale, 15 Wall. 75, 21 L. Ed. 63, and National Home for Disabled Veteran Soldiers v. Parrish, 229 U. S. 494, 33 S. Ct. 944, 57 L. Ed. 1296, as authority for his contention that the judgment of the circuit court allowing interest on a claim for improperly paid taxes. While this court has the greatest esteem for the opinions of the Supreme Court of the United States, it is not bound by the law as announced by it on purely state questions. It is a settled rule that the Supreme Court of the United States adopts the construction of state enactments given them by the state courts. Wolff Packing Co. v. Court of Industrial Relations, etc., 262 U. S. 522, 43 S. Ct. 630, 67 L. Ed. 1103, 27 A. L. R. 1280; Fairchild v. Gallatin County, 100 U. S. 47, 25 L. Ed. 544.

The appellant in support of its contention cites the opinions of the Supreme Court of Indiana and other states bearing on the question. The state courts are not

608

in accord on this question. The weight of authority is that interest, when not expressly authorized by statute, is not to be awarded against the sovereign government or a subdivision thereof. Schlesinger v. State, 195 Wis. 366, 218 N. W. 440, 57 A. L. R. 352; U. S. v. North Carolina, 136 U. S. 211, 10 S. Ct. 920, 34 L. Ed. 336; Savings & Loan Society v. San Francisco, 131 Cal. 356, 63 P. 665; Columbia Savings Bank v. Los Angeles County, 137 Cal. 467, 70 P. 308; Weiting v. Morrow, 151 Iowa, 590, 132 N. W. 193; Salthouse v. McPherson County, 115 Kan. 668, 224 P. 70; Cooley on Taxation (4th Ed.) vol. 1, sec. 1308.

We have announced in the cases, supra. that interest, in the absence of an agreement to pay it, is not collectible against a subdivision of the state unless it is authorized by statute, and for like reasons it is not collectible against a state in the absence of a statute authorizing its payment. The statute not authorizing the payment of interest on the taxes improperly paid, to the person paying it, the court was without authority to require the auditor to pay interest thereon.

Wherefore the judgment is reversed for proceedings consistent with this opinion.