## Commonwealth for Use and Benefit of the McCreary County Board of Education et al. v. Walker.

(Decided Dec. 13, 1932.)

STEPHENS & STEELY and E. L. STEPHENS for appellant.
TYE, SILER, GILLIS & SILER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

For the years 1927, 1928, 1929, the Board of Education of McCreary county prepared an itemized and detailed school budget showing the amount of money needed for supplementing teachers salaries, for permanent improvements and repairs, and for maintenance and support of schools during each succeeding school year, and also estimated amounts that would be received from the state and the amount that would be needed to be raised by local taxation, including the rate of levy necessary to raise such amount which was fixed by the board at 60 cents on each $100 of taxable property in the county. The annual budget was submitted by the board in writing to the county clerk within the time fixed by the statute; the county clerk presented it to the fiscal court when it convened and the fiscal court entered an order providing for the annual county levy according to the budget. Ky. Stats., sec. 4399a-8.

The tax books were made out by the county clerk in conformity with the levy by the fiscal court of the 60 cent taxes for the county school purposes. They were delivered to the sheriff of the county for collection of the taxes therein authenticated. It was his duty to collect and account for the taxes certified, unless exonerated by the proper authority. Livingston County v. Dunn, 244 Ky. 460, 51 S. W. (2d) 450. The sheriff

accepted and receipted for the tax books, and proceeded each year to collect the taxes according to them. He collected from the taxpayers their respective taxes according to the tax books, except the C., N. O. & T. P. Railway Company. It took the position that 10 cents of the 60-cent levy was void. Its taxes are not involved in this action.

Section 4399a-8 authorizes a rate of levy necessary to raise the amount of the budget not less than 25 cents nor more than 75 cents on each $100 worth of taxable property in the county, and "that in any county in which the rate is more than 50 cents to the $100 as levied for school purposes, it will become the duty of the county board of education to maintain its school for a minimum term of eight months; provided that one-half the revenue arising from such taxes, together with the state's per capita apportioned to each county board will enable it to pay $75 per month to its teachers, allowing an average of one teacher for every fifty children in its county schools. Providing further that in any county whose school revenue when so apportioned will not enable it to maintain such a salary schedule for the term as much as eight months, the county board may accordingly maintain the elementary schools for a term of either six months or seven months, conditioned upon the approval of same by the state board of education given after a consideration of the facts submitted to it by the county board, showing its inability to maintain standard salaries for the full term of eight months."

It is argued by the sheriff that the maintenance of the eight-month term and the payment of the stipulated minimum salaries were conditions precedent upon which the validity of the tax levies rested, and that the approval of same by the state board of education was not given in either of the years involved, and that therefore 10 cents of the 60-cent levy was void; that he collected of the taxpayers of the county, excepting the C., N. O. & T. P. Railway Company, the 60-cent levy, and has in his hands as sheriff of the county for the year 1927, $2,961.43; for 1928, $3,037.84, and for 1929, $3,028.24, which belongs to the paying taxpayers. He paid to the county board of education the school taxes collected for each of these years at the rate of 50 cents on the $100 and he claims to protect himself against the

taxpayers for the 10 cents of the 60 cents on the $100, he retained, and now has in his hands, the amounts stated above. Excepting the question of interest presented in the present case, all other questions were presented and determined adversely to the sheriff by this court in O. B. Newell et al. v. C., N. O. & T. P. Ry. Co., 246 Ky. 628, 54 S. W. (2d) —, decided October 11, 1932, to which the interested reader is referred for an elaborate and complete consideration of the questions presented in this case.

It is written in section 4399a-8:

"It shall be the duty of the sheriff of the county in the same manner and at the same time he collects other State and county revenues, to collect the tax imposed under the provisions of this act and after deducting his commission for same as now allowed by law and provided herein, he shall turn such tax over to the treasurer of the county board of education. * * * The sheriff shall make monthly settlements of the taxes collected by taxation under the provisions of this act. The fiscal court shall annually make a settlement with the sheriff for the taxes collected under the provisions of this act in the manner as now provided for by law for the settlement of state and county taxes and a copy of such settlement must be filed with the county board of education."

It is argued by the sheriff that interest is not collectible on taxes, being in the nature of a penalty in the absence of a statute expressly authorizing and directing its collection. It is a general rule that unless authorized by statutes, interest is not collectible on taxes due the state, county, or subdivision thereof, nor on a refund thereof. Coleman, Auditor, v. Reamer's Ex'r, 237 Ky. 603, 36 S. W. (2d) 22. But where the taxpayer himself obstructs or delays either the assessment or collection of taxes, interest is chargeable in favor of the state, and the taxes become due and distrainable. Klein v. Jefferson County, 242 Ky. 328, 46 S. W. (2d) 480. This rule and the reasons for it do not apply to and control the liability of a sheriff for interest on taxes collected and not paid over by him within the time prescribed by statute.

Section 4147 expressly provides:

"The sheriff or collector shall be required by the

fiscal court to pay a penalty of six per centum (6%) on all taxes collected and unpaid by him to the county treasurer by the 20th day of January in each year."

It is true that the statutes authorizing and controlling the sheriff collecting school taxes do not embrace like or similar language. It is plainly the intention of section 4399a-8 that the sheriff or collector of school taxes shall turn over such taxes to the treasurer of the county board of education and make monthly settlements of school taxes collected under the provisions of this section. The school tax collected by the sheriff or collector is to be paid to the county board of education monthly, and, where he fails to turn over monthly the school tax, he becomes liable therefor as of the date on which this statute contemplates and requires its payment. Breckinridge County v. Gannaway, 243 Ky. 49, 47 S. W. (2d) 934. And while there is no statute fixing a penalty for his failure to turn the tax over as provided by the statutes, he is liable for the statutory rate of interest without a demand on the part of the board or its treasurer, for interest on such portion thereof if he fails to turn over monthly to the treasurer of the county board of education. Combs v. Bates, 150 Ky. 188, 150 S. W. 20; Board of Trustees of Graded Free Colored Common Schools of Mayfield. v. Board of Trustees of Graded Free White Common Schools, 181 Ky. 801, 205 S. W. 904; Albers v. Norton Co., 147 Ky. 751, 145 S. W. 757; Whaley v. Com., 110 Ky. 154, 61 S. W. 35, 23 Ky. Law Rep. 1292; Samuels v. Com., 10 Bush, 491. His relationship to the tax collected by him is that of a trustee and as such he must account therefor to the taxing unit for which the taxes are collected. Denny v. Thompson, 236 Ky. 714, 33 S. W. (2d) 670. And where he is subjected by statute to a penalty in case of his failure to pay taxes collected, such penalty cannot be enlarged by charging interest in addition to the penalty. Bates v. Knott County Court, 67 S. W. 1006, 24 Ky. Law Rep. 73; Fidelity & Deposit Co. of Md. v. Logan County, 119 Ky. 428, 84 S. W. 341, 27 Ky. Law Rep. 66. But where the statutes fix a day for the sheriff or collector of taxes to pay over the taxes collected by him without providing a penalty for his failure to pay, he is chargeable as trustee according to the rule applicable to any other ordinary trustee with interest from the date they are

due under the statutes. Fidelity & Deposit Co. v. Logan County, supra.

The taxes collected and unaccounted for by the sheriff in this action were authorized by law and valid, therefore he cannot avail himself of the rule applicable and controlling void taxes. The sheriff of his own accord failed, as he claims on account of the asserted right of the taxpayers to pay them to the treasurer of the county board of education as provided by the statutes. His action was in effect an obstruction of the right of the county board of education to the taxes in his hands, and plainly brings this case within the principles stated in Klein v. Jefferson County, supra. If he in good faith was convinced that the levy in excess of 50 cents was void, and, if he desired to relieve himself of liability therefor including interest from the due date designated by the statutes, he should have gone into a court of equity as soon as practical and made the county board of education and one or more of the taxpayers having a common or general interest in the question involved (section 25, Civil Code of Practice), parties defendants and tendered into court the money in his hands and sought a declaration of his and their duties, liabilities, and rights in respect to the 10 cents of the 60 cents of the first year's levy. The order of the fiscal court concerning the 10 cents of the 60-cent levy deals with taxes over which it had no jurisdiction and did not affect nor relieve the sheriff of his liability therefor, including interest.

Wherefore the judgment is reversed for proceedings consistent with this opinion.