# Board of Education of Paducah v. City of Paducah et al. (two cases).

(Decided Dec. 3, 1935.)

**550**

C. C. GRASSHAM for appellant.

W. V. EATON for appellee City of Paducah.

BRADY M. STEWART for appellees Chas. C. Rieke and United States Fidelity & Guaranty Co.

J. D. MOCQUOT for appellees Ross Rutter and Fidelity & Deposit Co.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming in part and reversing in .part.

These actions were tried as one in the circuit court. The pleadings, the evidence, and the questions of law involved in both are identical. .The first is to recover of Rieke and his surety and the city of Paducah; the second, to recover of Rutter and his surety and the city the alleged balance of taxes, interest, and penalties claimed to be due the city board of education for certain years.

The city of Paducah is of the second class. Rieke was its commissioner of public finance for the years 1932 and 1933. With the United States Fidelity & Guaranty Company as surety, he executed and delivered a bond for the use and benefit of the city in the sum of $10,000, conditioned that he will "faithfully and regularly perform and discharge all of the duties of his office and that he will not violate any law in the performance of his duties," and pay any damages occurring from any act or omission of any of his duties.

Rutter was the commissioner of public finance of the city for the years 1926, 1927, 1928, 1929, 1930, and 1931, under a bond containing the same conditions and provisions, with the Fidelity & Deposit Company of Maryland, his surety.

The actions were transferred to equity by agreement of the parties. The court dismissed the actions as to Rieke and Rutter and their sureties, and rendered judgment against the city for $23.32. The city board of education is here insisting that the developed facts authorized judgments against Rieke and Rutter and their sureties, and the judgment against the city is improper as to the sum of the recovery.

To consider and dispose of the issues properly, we are required to review the statutes involved and apply them to the evidence adduced.

The city board of education (section 3235a-1, Ky. Stats. Supp. 1933) is a body corporate with the power "to sue and be sued, contract and be contracted with, purchase, receive, hold and sell property," to "do all things necessary to accomplish the purpose for the attainment of which such school district is organized," and has "general and supervising control, government and management of the public schools" of the city. Section 3235a-2, Ky. Stats. Its members are elected by the legal voters of the city at large for a term of four years. Section 3235a-7 Ky. Stats. It is its duty (section 3235a-26 Ky. Stats.) "annually, in the month of January, approximately ascertain the amount of money which will be necessary to be used to defray the expenses of maintaining the schools, including sinking fund, repairs and improvements of buildings and any liquidation of liabilities falling due during the current fiscal year," and enter the same at large upon its minute books. The power is conferred upon it by this section "to impose and levy ad valorem taxes upon all real and personal property in such city subject to and assessed for taxation for city purposes, not exceeding a rate of one dollar upon each one hundred dollars of taxable property. Provided, however, that an additional twenty-five cents (25c) on each one hundred dollars ($100.00) of taxable property may be levied for operating and maintaining the schools with the approval of the board of commissioners or general council of such city or cities upon due proof presented to said board of commissioners or general council by said board of education that the extra levy is necessary for school purposes." The consent of the city's commissioners is required respecting only the extra levy of 25 cents. The statute contains this language:

> "The taxes accruing from so much of said levy as is made for sinking fund purposes shall be by said board of education at once irrevocably set aside and used for that purpose and not otherwise."

On a presentation to the city commissioners of the board of education's budget, it becomes their duty to make a levy at a rate fixed and certified by the board. It also becomes their duty to add to and include the taxes called for by the board's budget, in the regular tax bills of the city containing the ordinary levy for city purposes, and collect the same "by the same officers, and in the same manner and at the same time as

the ordinary taxes for said city are collected by the collecting officer of the city, and all powers and duties conferred upon and required of officers in collecting the ordinary city taxes are hereby conferred upon and required of them in collecting the taxes levied by the board of education. * * * As and when said taxes are collected the city treasurer, or collecting officer, of said city, shall promptly pay the same to the treasurer of the board of education, taking the receipts of said treasurer for the sum so paid, which shall be a full acquittance of said treasurer therefor.''

The city of Paducah has adopted, and is acting under, the commission form of government, authorized by sections 3235c-1 to 3235d-2, inclusive, Ky. Stats. Supp. 1933. The administrative departments of the city government are divided into five (section 3235c-16), one of which is the department of public finance. Section 3235c-2 continued in existence all laws applicable to and governing cities of the second class and not inconsistent with the provisions of the act authorizing the city to adopt the commission form of government, after the adoption of the commission form of government. Section 3235c-4 abolishes all the city offices save those of mayor and police judge after the expiration of their respective term. Section 3184 requires the auditor of the city to deliver the assessment books of taxes to the city clerk and the latter to make out tax bills showing the taxes of each taxpayer, and deliver the same to the treasurer. Section 3185 declares the ''taxes shall be due and payable, without demand therefor, at the treasurer's office, one-half each on the first day of June and the first day of October in each year. * * * Taxes not paid within one calendar month after they are due, shall be deemed delinquent and shall have added to them a penalty of ten per centum [10%] of the amount thereof, and shall thereafter bear interest at the rate of one and one-half of one per cent [1½%] for each month or fraction of a month until paid, or until the property of the delinquent has been sold for the tax.'' Section 3186 confers upon the treasurer the power of sale of personal property, and section 3187 prescribes the procedure for the sale of real estate for taxes.

It is not disputed that the duties imposed by the statutes, supra, upon the city treasurer are now required of the commissioner of public finance.

In its petition against Rieke, the city board of education charged that the total amount of the taxes for the year 1932 was $179,447.94, and Rieke had collected and accounted to its treasurer for $177,267.31, leaving a balance due the board of $2,180.63 and, by reason thereof, it is entitled to recover of Rieke, his surety, and the city this sum. It made like allegations, differing only in the total assessment and the amount due for the year 1933 taxes, interest, and penalty, aggregating the sum of $2,132.84.

In its action against Rutter, like allegations are made, differing only in the assessment and the amount of taxes, interest, and penalty, for the years 1926, 1927, 1928, 1929, 1930, and 1931, and it sought to recover therefor of Rutter, his surety, and the city, $42,846.04, as the balance due for taxes, interest, and penalty which it alleges Rutter had collected. Allegations are made as to Rieke and Rutter and the city respecting waiver or failure to collect interest and penalty on a portion of the taxes for those years.

The board of education caused an audit for the years 1926, 1927, 1928, 1929, 1930, and 1931 to be made of the taxes, interest, and penalty due it on the annual assessment, and of the commissioner of finance's collection of the taxes, interest, and penalty thereon for each year, and of his accounting therefor to it. For the years 1932 and 1933, the city caused a like audit to be made. The auditor's report contains the total assessment and levy for each year and the credits of the payments made thereon by the commissioner, and, according to it, taxes are due the city board of education: "Fod 9126, $419.88; 1927, $4,929.45; 1928, $189.23; 1929, $300.78; 1930, $859.65; 1931, an over-payment of $1,092.41."

The report as to Rutter and the city of the penalty and interest for the same years is as follows: "1926, $703.76; 1927, $1,752.97; 1928, $755.21; 1929, $827.65; 1930, $1,661.65, and 1931, $1.932.36." His report, as to Rieke and the city, is as follows: "For 1932, an over-payment of $30.64; 1933, an over-payment of $16.65"; and the interest and penalty, for "1932, $2,211.27, and 1933, $2,147.90."

It seems to be admitted that, in collecting the taxes of the taxpayers, sometimes each commissioner on his own accord waived and did not collect of the taxpayers

the interest and penalty due on the taxes of the board of education, which were collected and receipted for by him; and as to other taxes collected by him, acting under a resolution of the city commissioners, he failed to collect of the taxpayers the interest and penalty due on the taxes of the board of education, receipted for by him.

The auditor's report charges each commissioner and the city with all the taxes due the city board of education as per the assessment and levy made for its use and benefit, but fails to disclose whether any portion of the taxes was not in fact collected by either commissioner, and still owing by the taxpayers. The same statement is true in respect to the interest and penalty which he charged in his report to both commissioners and the city. It is not disputed that each commissioner, in realty, collected of some of the taxpayers interest and penalty on their taxes, and paid the same to the city. Nor is it denied that each of them in some instances waived as to some of the delinquent taxpayers, interest and penalty, on his own accord, and in others at the direction of the city commissioners.

The record fails to disclose the date of collection of that portion of the taxes on which no interest and penalty were collected; that is, whether the taxes, when paid, were paid within one calendar month after they became due under section 3185. If any portion of the taxes were paid within one month after the same became due, it was the duty of the commissioner of public finance not to collect of the taxpayers the interest and penalty.

If the waiver of interest and penalty which the auditor reports as having been done was so made, to this extent his report is erroneous.

The method used by the auditor in arriving at the amount due the city board of education, and with which the commissioners of public finance and the city were charged in his report, is thus stated by him:

"We determined first the levy made by the school board and applied to the assessed property, subject to school tax, and then from that total we gave credit for any exonerations or credits that were due, arriving at the total amount they should have paid as a basic charge. Then to that we added

penalty and interest that was either collected or should have been collected on the school board's portion of the tax bill, and added that to the basic charge, and from that deducted the actual cash payments made to the school board, thereby arriving at the net amount due each year."

This method is that which the statutes prescribe, as we have construed them, governing the sheriff's liability for the sum of the taxes shown by the tax books receipted for by him. See Bush v. Board of Education of Clark County, 238 Ky. 297, 37 S. W. (2d) 849; Livingston County v. Dunn, 244 Ky. 460, 51 S. W. (2d) 450; Knox County Board of Education v. Lewis' Adm'r, 253 Ky. 652, 69 S. W. (2d) 1000.

The statutes construed and applied in those cases are inapplicable in the pending one.

The statutes, supra, impose upon the commissioner and his surety no liability for uncollected taxes, interest, and penalty. The board of education's cause of action against both commissioners and his surety is based on the allegation that each commissioner had collected taxes, interest, and penalty due it, and had failed to pay to it, but had paid the same to the city of Paducah. The evidence entirely fails to establish that either commissioner had in his hands, unpaid, either to the board of education or the city, any taxes, interest, and penalties. No other dereliction as the basis of a recovery of either of them is charged in the petitions. Therefore, the court properly dismissed the action as to them. As to the city, a mere reading of the cited statutes is sufficient to be convincing that it is not liable for delinquent, uncollected taxes, interest, and penalty due the board of education on the assessment for any one of the years involved. For any amount of the taxes, interest, and penalty collected of the taxpayer, by the commissioner of public finance and actually paid to the city, and retained by it, which were collected on the assessment and levy made for the benefit of the board of education, the city is liable therefor to the board of education. But, if the city commissioners or the commissioner of finance attempted to waive the interest and penalty on taxes or any of them, due the board of education after the expiration of one calendar month after the same became due, their or his act in so doing was in excess of their statutory authority, and therefore in-

valid, and the taxpayers for whose benefit the same were so waived, and not the city, are liable therefor. The city commissioners, in adopting the resolution directing the waiver, acted in their legislative capacity. (City of Newport v. McLane, 256 Ky. 803, 77 S. W. (2d) 27, 96 A. L. R. 655), and they are not, nor is the city, civilly liable therefor.

It is argued that there is no statute authorizing the collection of interest and penalty on taxes due on the assessment and levy for the use and benefit of the board of education, and, therefore, the city, though the interest and penalty were collected and paid to it, is not liable therefor. True it is, that, in the absence of a statute authorizing the collection of interest and penalty of a taxpayer for delinquency in the payment of his taxes, neither can be collected. See Bingham's Adm'r v. Commonwealth, 199 Ky. 402, 251 S. W. 936; Coleman, Auditor, etc., v. Reamer's Ex'r et al., 237 Ky. 603, 36 S. W. (2d) 22; Commonwealth, for the use, etc., v. Walker, 246 Ky. 679, 55 S. W. (2d) 914.

But this rule is inapplicable here for the reason the statutes place the taxes assessed, levied, and collected thereunder for the board of education in the category of all other taxes assessed, levied, and collected for city purposes. Whilst, the section authorizing and directing the assessment, levy, and collection of taxes for the use and benefit of the board of education does not, itself, expressly refer to interest and penalty on delinquent taxes, the section imposing the duty on the commissioner to collect the taxes of the board of education must be construed with section 3185, which expressly authorizes and directs the adding of interest and penalty to delinquent taxes collected thereunder for the general purposes of the city, which includes taxes assessed and levied for the purpose of the board of education.

Both commissioners of public finance and the city seemingly have proceeded on the theory that it was only the former's duty to account to the board of education for the sum of the taxes collected, without interest and penalty. Indeed, it is the city's contention here that it had a right to appropriate interest and penalty collected on the board's assessment and levy, to the city's own use. This insistence overlooks the rule that the interest and penalty thereon belong under the stat-

ute to the board of education, and it is entitled thereto, the same as it is to the taxes assessed and levied for its use and benefit.

To sustain the defense of the city, Bess B. Washam examined the financial records of the city and testified that the same showed that only the sum of $23.32 had not been paid to the board of education in full of all the taxes collected by the commissioners of public finance, and only this sum was due it for the years involved.

The records which she examined, and upon which her opinion was based, are not before us. Therefore, we are unable to determine whether the records examined by her disclose or fail to disclose the amount of the collected taxes, based upon the assessment and levy of the city board of education; or whether the interest and penalty actually collected were paid to the city; or that she considered the interest and penalty at all. Her testimony is too indefinite and doubtful, even if competent, to overcome the auditor's report.

It is not doubtful that the city has been paid and has in its possession some amount at least of the interest and penalty collected on the taxes assessed and levied for the benefit of the board of education; but we are unable to determine from the record before us the correct amount, or whether the whole of the taxes due the board of education as per its assessment and levy, and charged to it by the auditor's report, are collected or uncollected. Therefore, the judgment is reversed as to the city. The circuit court, in its discretion, may permit either the board of education or the city of Paducah to amend its pleadings and introduce additional evidence, if either desires to do so.

Wherefore, the judgment is affirmed as to Rieke, Rutter, the United States Fidelity & Guaranty Company, and the Fidelity & Deposit Company of Maryland, and reversed as to the city of Paducah for proceedings consistent herewith.