# City of Pineville v. Board of Education of Pineville Independent School Dist.

(Decided March 18, 1938.)

JAMES S. WILSON for appellant.

E. B. WILSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

The City of Pineville is a municipal corporation of the fourth class. The corporate boundaries of the Pineville Independent School District are coextensive with those of the city. During each of the years from 1933 to date the city council of Pineville has levied by ordinance a regular ad valorem tax for city purposes and also as required by law for school purposes. In each ordinance the council has provided for the imposition of a penalty of 10 per cent., together with interest upon all taxes not paid when due. Kentucky Statutes, sec. 3544a-1. Each ordinance has likewise provided that the penalty and interest on delinquent taxes "shall be paid into the general municipal expense fund when collected." The penalties and interest were figured on the face of the tax bills on both city taxes and school taxes, but the entire amount collected has been paid into the city's general fund. It is agreed that the amount thus

appropriated to the general fund and representing the penalties and interest on school taxes is $501. This proceeding was brought by the Board of Education against the city to recover the penalties and interest thus appropriated on the theory that these funds are required by law to be paid to it and that it is improper to turn them over to the city's general fund.

Section 4399-40 of the Kentucky Statutes covering the levy and collection of taxes for school purposes provides, in part:

"The laws applying to penalties on and the collection of delinquent school taxes shall be the same as the general laws applying to penalties on and the collection of delinquent taxes of the taxing districts which embrace the various school districts."

It is not disputed but that, where the school board designates a special tax collector, pursuant to section 4399-41, such special tax collector would properly collect both interest and penalties on delinquent school taxes and pay them over to the school board. It is urged, however, that, since the provisions of section 3544a-1 authorize the council of a city of the fourth class to determine by ordinance what penalty shall attach to delinquent taxes, it was therefore proper for the city council of Pineville not only to fix the amount of the penalty and interest, but also to provide that the penalty and interest collected should be paid into the general fund.

In Board of Education of Paducah v. City of Paducah, 261 Ky. 549, 88 S. W. (2d) 292, 296, we held that the penalties and interest collected by a city of the second class on school taxes should be paid to the Board of Education. Section 3185 of the Kentucky Statutes prescribes the penalties and interest to be added to delinquent tax bills in cities of the second class, and it is sought to distinguish the Paducah Case from the case at bar on this theory alone. In other words, the Paducah Case is claimed to be different from the case at bar because the amount of the interest and penalty to be added was there fixed by statute, while, in the case at bar the fixing of the amount of interest and penalties is left to the discretion of the city council.

The mere fixing of the amount of the penalty and interest is manifestly a different proposition from the

determination of where the penalties and interest are to go after they are collected. In the Paducah Case we held, in regard to the taxes there involved, "that the interest and penalty thereon belong under the statute to the board of education, and it is entitled thereto, the same as it is to the taxes assessed and levied for its use and benefit." Plainly, the statute referred to must have been section 4399-40, quoted above, and it is this statute, and not the act of the city council, which fixes the right of the Board of Education to the sums involved. After the city council has fixed the amount of penalties and interest, the statute, and not the ordinance, controls their disposition. The distinction relied on to differentiate this case from the Paducah Case, does not, therefore, bear examination, and the principle there invoked is alike applicable to the case at bar. It follows that the judgment of the trial court is correct.

Judgment affirmed.