COMMONWEALTH of Kentucky, ex rel. Robert H. ALLPHIN, Commissioner of Revenue, Appellant,

v.

ST. MATTHEWS GAS & ELECTRIC SHOP, Inc., Appellee.

COMMONWEALTH of Kentucky, ex rel. Robert H. ALLPHIN, Commissioner of Revenue, Appellant,

v.

KENTUCKY GAS SERVICE, Inc., Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1956.

William S. Riley, Frankfort, Sal Pinto, Louisville, for appellant.

Henry J. Burt, Jr., Louisville, for appellees.

HOGG, Judge.

The main question raised by these appeals concerns the right of taxpayers who have paid state taxes as assessed on accounts receivable, under protest, to have interest on tax monies refunded by the taxing authorities where the valuations fixed by the taxing authorities have been held invalid by us, with directions for the taxing authorities to proceed with the assessment of the properties in accordance with prescribed processes. See, St. Matthews Gas & Electric Shop v. Commonwealth, Ky., 266 S.W.2d 106. Upon return of the above-mentioned case, the court below directed that appellant refund to appellees such tax monies, *with interest*. Appellants contend that there is no statutory provision for the payment of interest on this type of ad valorem tax refund, and the court was without authority or power to order such payment of interest. The statute, KRS 134.590, relating to such refunds, insofar as applicable, reads:

"(1) When it appears * * * that money has been paid into the State Treasury involuntarily for ad valorem taxes when no such taxes were in fact due, * * * the Department of Revenue shall refund the money, or cause it to be refunded, to the person who paid the same. * * "

It appears that the weight of authority favors allowing interest upon tax refunds upon general principles, even in the absence of statutory authority. But we have adopted the contrary view which seems to have been asserted somewhat more frequently in late cases than has the general view. Hahne Realty Corp. v. City of Newark, 119 N.J.L. 12, 194 A. 191, 112 A.L.R. 1183.

In the case of Coleman v. Reamer's Ex'r, 237 Ky. 603, 36 S.W.2d 22, we interpreted section 162 of the Kentucky Statutes, the substance of which is now embodied in KRS 134.590, and held that since the statute did not authorize the payment of interest on the tax refund (inheritance) the court was without authority to require the Auditor (Treasurer) to pay interest thereon, the statute being silent as to interest.

We have not departed from this rule and we see no good reason why we should. Indeed, in the case of Commonwealth for Use and Benefit of McCreary County Board of Education v. Walker, 246 Ky. 679, 55 S.W.2d 914, 916, we cited with approval the Coleman case, and said arguendo:

"* * * It is a general rule that unless authorized by statutes, interest is not collectible on taxes due the state, county, or subdivision thereof, *nor on a refund thereof*. * * *" (Emphasis supplied.)

The court below was not authorized to allow interest.

Appellees contend that since the Commonwealth has failed to refund the principal of the taxes, as directed, it is in no position to claim it is not obligated to pay interest on the refund. We fail to see any merit here whatsoever.

The judgment in each case is reversed for proceedings not inconsistent with this opinion.