**DEPARTMENT OF REVENUE of Kentucky and the Department of Finance of Kentucky, Appellants,**

**v.**

**JACK COLE CO. and Wood Terminal Co., Appellees.**

Court of Appeals of Kentucky.

July 2, 1971.

As Modified on Denial of Rehearing Nov. 5, 1971.

As Clarified Nov. 30, 1971.

Rose, Atty., Legal Staff Dept. of Revenue, Charles D. Wickliffe, Atty., Dept. of Finance, Frankfort, for appellants.

Harry V. McChesney, Jr., Robert H. Kinker, McChesney & Kinker, Frankfort, for appellees.

CLAY, Commissioner.

This is an appeal from a judgment allowing appellees certain tax refunds with interest. It presents procedural and statutory complications which the parties, even after an oral argument, have not satisfactorily unravelled. We will attempt to cut through as many technicalities as possible.

The taxes involved are the seven-cent-per-gallon taxes levied under KRS Chapter 138 on special fuels and on gasoline. The refunds claimed are for taxes paid by appellees between July 1, 1960 and December 31, 1962, on fuels purchased in Kentucky but used in their motor vehicles operating outside the state. These taxes were paid under written protest, appellees claiming that KRS 138.565(1) were unconstitutional to the extent they taxed fuel burned outside the State of Kentucky. When the Department of Motor Transportation declined to make the refunds requested, appellees proceeded administratively before the Kentucky Tax Commission under KRS 131.110. After an adverse decision, they appealed to the Franklin Circuit Court under KRS 131.120.

It so happened that the Ashland Oil & Refining Company had refused to pay the special fuels tax, and shortly after appellees' appeals were taken, Ashland filed a similar appeal in the Franklin Circuit Court contesting it on the same ground that appellees had asserted. Apparently the parties, at least tacitly, agreed to let appellees' appeals languish until a decision in the Ashland case. It was finally disposed of in 1970 in Commonwealth, Dept. of Rev. v. Ashland Oil & R. Co., Ky., 449 S.W.2d 904, wherein we held that KRS 138.565(1), in the form in which it existed prior to July 1, 1962, was unconstitutional

William S. Riley, Asst. Atty. Gen., Cyril E. Shadowen, Atty., Legal Staff, Alex W.

insofar as it imposed on special fuels consumed on highways outside Kentucky. That case is controlling with respect to the illegality of the taxes sought to be recovered in this action.

Part of the taxes involved herein were paid prior to the July 1, 1962, amendment to KRS 138.565(1) and part after the amendment. The 1962 change in wording is of no consequence in this case because, both before and after the change, it was a companion statute to KRS 138.660 (which was not amended), requiring every interstate motor carrier to make sworn reports showing the miles run in Kentucky (burning both special fuel and gasoline), the gallons used here, and the tax owed at seven cents per gallon thereon. It allows credit for the seven-cent tax paid upon Kentucky purchases (of special fuel or gasoline) and requires payment of the tax upon all used here in excess of the tax paid on the purchases.

The relationship of the "reporting" statute, KRS 138.660, to the two statutes assessing the same seven cents upon special fuels, KRS 138.665(1), and upon gasoline, KRS 138.220, makes it clear that the statutes in combination constitute a use tax upon the use of fuel, which this court found to be unconstitutional in *Ashland Oil*, when applied to fuel bought tax paid in Kentucky and used upon the highways of other states.

The gasoline tax for which the lower court adjudged a refund to Jack Cole Company was collected just as unconstitutionally as the tax on special fuel, for the reasons stated in the two preceding paragraphs.

The Department's position is that appellees were not in certain respects "taxpayers", that the taxes were not paid involuntarily, and that appellees did not follow proper procedures to obtain a refund.

■ There is no merit in the claim that appellees were not "taxpayers". They did pay the tax as a separate item on all purchases of special fuel and the parties stipulated that they were "required" to pay them. The burden of the tax was intended to be, and is, borne by the ultimate consumer, and even though the seller who collects and reports it is also a taxpayer, it is simply unrealistic to argue that appellees were not taxpayers. See 51 Am.Jur., Taxation, Sec. 1175, page 1010; and Commonwealth, by Nelson v. Dixie Greyhound Lines, 255 Ky. 111, 72 S.W.2d 1032 (1934).

The question of whether the tax payments made by appellees were voluntary or involuntary is not material in our view of the merits of this controversy. This brings us to the procedural problems and the applicable statutes.

■ For some undisclosed reason (perhaps to claim interest on any refunds allowed) appellees argue that they were proceeding under the common law. In addition to procedural objections, this position cannot be sustained because appellees cannot sue the Commonwealth without express legislative consent, Foley Construction Company v. Ward, Ky., 375 S.W.2d 392 (1964); and where a statutory remedy is given, the taxpayer cannot proceed independently of it, Department of Conservation v. Co-De Coal Company, Ky., 388 S. W.2d 614 (1964).

■ The fact is, appellees proceeded administratively under KRS 131.110, and they came into the circuit court by appeal as provided in KRS 131.120. The last case cited above recognized this as the proper procedure in view of KRS 131.125 (since repealed but effective when these proceedings were initiated), which provided that was the *only* manner of having reviewed the refusal by the Department of Revenue to refund *any* tax.[1]

---

1. KRS 131.110 does not appear to be designed as a tax refund statute.

Subsection (1) of KRS 134.580 recognizes the administrative procedure prescribed by KRS 131.110 and the right to a refund by the Department of Revenue of any state taxes (except ad valorem taxes) paid "voluntarily or involuntarily" when no tax was due. Subsection (3) of that statute limits the recovery to taxes paid within two years of the date a refund is sought.

One of the procedural difficulties here encountered is that subsections (4) and (5) of KRS 134.580 have the appearance of altering the procedure when a refund is claimed on the ground that the taxing statute is unconstitutional. Subsection (4) provides this "section" does not apply to a case wherein the statute is held unconstitutional. Subsection (5) provides:

"In cases in which a statute has been held unconstitutional, taxes paid thereunder may be refunded to the extent provided by KRS 134.590, and by the statute held unconstitutional."

The trouble is, KRS 134.590 prescribes no procedure whatever. Subsection (1) simply requires the Department of Revenue to refund taxes paid under a statute "held unconstitutional". Subsection (2) limits the refund to those taxes paid within two years of the time "application" for the same is made. It may be observed that this is substantially the same limitation provided in subsection (3) of KRS 134.580. It is difficult for us to understand why KRS 134.590 was enacted, or what significance it has or was intended to have. We are inclined to construe it simply as a part of KRS 134.580, and except incidentally, it does not affect the merits of this controversy.

It may be pointed out here that at the time appellees made application for refund, the statutes imposing the taxes had not been declared unconstitutional and appellees had a right to proceed under KRS 134.580 and thereby invoke the administrative remedy of KRS 131.110. We fail to find in the record any indication that the Department of Revenue objected to that procedure. As

a matter of fact, it participated fully therein by filing an answer and entering into a stipulation of facts.

As before mentioned, KRS 134.580(1) authorizes a refund of taxes whether paid voluntarily or involuntarily. Therefore, the Commonwealth's argument that these taxes were not paid voluntarily is unavailing. (Without specifically deciding the issue on the record before us, we would be inclined to the view that they were not paid voluntarily.)

We hold that appellees proceeded properly under KRS 134.580 and 134.590, and since the taxes were collected under a statute subsequently held unconstitutional, they are entitled to a refund.

The Commonwealth now insists on this appeal that appellees' only remedy was under KRS 138.500. That statute authorizes a suit against the state through the Department of Finance for the recovery of these particular fuel taxes if wrongfully collected. Somewhat surprisingly, appellees argue that this statute does have some application although they proceeded under the other statutes above referred to. However, appellees did not proceed under this statute and we hold they were not required to. This is an optional remedy which could have been invoked by the taxpayer but it is not, as the Chancellor correctly decided, the exclusive procedure in view of the provisions of the other statutes. It may be pointed out that if appellees' "PETITION OF APPEAL" in the circuit court could be construed as the commencement of a suit against the Commonwealth under KRS 138.500, appellees would have been limited to taxes paid within two years prior to the *filing of that proceeding* in the circuit court.

■■ The remaining questions involve the amount of taxes refundable and whether interest should be allowed. As earlier noted, the judgment before us allowed a refund of all taxes claimed, with interest, from the date each payment was made. As we have discussed above, appellees

were entitled to refunds of only those taxes paid within two years prior to the date of application therefor. While appellee Jack Cole Company, during the period it was paying the taxes, made applications for refunds at the end of each quarter, those applications were on forms designed for making claims for refunds specifically authorized by the taxing statute, and were not calculated to initiate a decision by the Department of Revenue on the issue of the right to refund on the basis of unconstitutionality of the statute. Jack Cole Company made its first formal request for a refund on the ground of unconstitutionality on March 28, 1963. Accordingly, it was not entitled to a refund of taxes paid prior to March 28, 1961.

With respect to interest, it is our opinion that it should not have been allowed. KRS 134.580 makes no provision for the allowance of interest, except in subsection (2) when refunds result from "error" of the department. We take the view that the errors referred to are mechanical or clerical ones. See School District of Pittsburgh et al. v. E. S. S. Land Co., 140 Pa.Super. 590, 14 A.2d 619 (1940). Even if the term had a broader meaning, the department did not commit any "error" in declining the refunds. It was a subsequent adjudication which rendered the taxes illegal.

As a general rule, unless interest is expressly authorized by statute, it is not awardable against the sovereign. Coleman v. Reamer's Ex'r, 237 Ky. 603, 36 S.W.2d 22 (1931). Also, since KRS 134.580(2) and 138.500 specifically provide for the payment of interest on refunds under certain circumstances, we will not read that provision into other statutes relating to refunds which omit it. In addition, it is to be noted that KRS 134.580(2), in providing for interest when the refund is payable because of "error of the department", specifically provides, "but not otherwise". We conclude appellees were not entitled to interest.

In view of the difficulties encountered by the parties, the circuit court and this court in trying to construe and apply a hodgepodge of statutes relating to tax refunds, we do not consider it amiss to suggest that the Department of Revenue might well seek a revision of the law looking toward the simplification and unification of tax-refund procedures.

The judgment is affirmed in part and reversed in part, with directions to modify the judgment consistent with this opinion.

MILLIKEN, C. J., and EDWARD P. HILL, Jr., NEIKIRK, OSBORNE, REED and STEINFELD, JJ., concur.

PALMORE, J., not sitting.